## DUNSON *et al. vs.* PITTS *et al.*, commissioners.

1. Where complainants applied for an injunction, and after the lapse of fifteen days the hearing was had, it was no ground for a continuance that they *believed* that certain papers were in the possession of the defendants, which in answering they had failed to produce.
2. There was no abuse of discretion in refusing an injunction in this case.

CRAWFORD, Justice.

---

## FLEMING *vs.* THE STATE OF GEORGIA.

Where a *certiorari* is sought in a criminal case tried before a county court, the petition should set out the errors complained of. Where a petition for *certiorari* set out the facts of a trial, a brief of the evidence, the judgment of guilty, and closed by stating "to which proceedings your petitioner alleges error," the assignment of error was too general, and nothing could be considered under it except whether the finding was supported by the evidence.

(*a.*) In this case it is so supported.

SPEER, Justice.

---

## FLASH, PRESTON & CO., *vs.* LONG & FARLEY *et al.*

· [CRAWFORD, Justice, being disqualified, did not preside in this case ]

| 67 767|
| Case 2 |
| 115 853|

Where the equity of the bill was sworn off in the answer, and the latter was not rebutted, there was no error in refusing an injunction and receiver, as prayed for by the complainants.

SPEER, Justice.

---

## THOMAS *vs.* THE STATE OF GEORGIA.

Where the charge in a criminal case is so obscure or confused as not to enlighten the jury on the law of the case, a new trial will result.

CRAWFORD, Justice.