SCRUGGS vs. BURKE et al.

A demurrer to the bill for want of equity was properly sustained.
    November 21, 1888.

Equity.   Executors and administrators.   Before Judge RONEY.   Jefferson superior court.   May term, 1888.

Reported in the decision.

CARSWELL & HUDSON and J. J. WHIGHAM, for plaintiff.

GAMBLE & HUNTER and W. L. PHILLIPS, for defendants.

SIMMONS, Justice.

We think the court was right in sustaining the demurrer to this bill for the want of equity.   The will directed the executor (the plaintiff in error) to sell all of the property of the testator, and to pay his just debts first, and after the debts were paid to invest the surplus in land for the benefit of his widow and children.   The executor sold nearly all of the personal property, and exchanged the land left by the testator for a smaller tract of land and received $700 in money,

the difference between the two, and so far as the record discloses, received enough money from the proceeds of the sale of the personalty and the difference in the land to pay every debt the testator owed. Instead of carrying out the terms of the will, he failed to pay the debts as directed therein, but invested the money in the smaller tract of land without paying all the debts. He alleges that he was afterwards sued, and that judgment was obtained against him as administrator, and execution issued and was about to be levied on the land which he had procured for the widow in the exchange mentioned above, when the eldest son of the testator paid up the judgment; and he gave his note to the son for the amount of the execution. He fails to state in his bill who the execution creditor was, and he fails to state the date of the judgment or the amount thereof, and upon what kind of debt the judgment was predicated, whether it was contracted by his testator or not. He claims that he gave his note to the son in settlement of that judgment and of certain accounts which he attaches as exhibits to his bill, which accounts were paid by the son. We have read these exhibits, and we find that the accounts were made after the death of the testator, for supplies to the widow and minor children, and for which the estate was in no way liable. The record does not disclose to whom the title to the land was made. If the title was made to him as executor, and if it is still in him as executor, and the land is still assets of the estate which he represents, we see no reason why he cannot still administer it, although it may have been sold under a decree to which he was not a party. If he was not a party to the bill on which the decree was rendered, he was not bound thereby.

Judgment affirmed.