THE WESTERN & ATLANTIC RAILROAD CO. vs. JACKSON.

A petition for *certiorari* must set forth specifically the ground of error relied upon, and is not amendable.

December 12, 1888.

*Certiorari.* Amendment. Before Judge FAIN. Bartow superior court. January adjourned term, 1888.

Reported in the decision.

JOHN W. AKIN, for plaintiff in error.

JAMES B. CONYERS, *contra.*

BLANDFORD, Justice.

This was a *certiorari* case. The petition for *certiorari*

alleged that the petitioner had been sued in a certain justice's court, and that at the trial term of the case leave of absence as to the same was granted by the justice to both of the petitioner's attorneys, on account of business which required their attendance in other courts; but that, notwithstanding this, the justice, during the period for which the leave of absence was granted and, while said attorneys were absent attending to said business elsewhere, rendered judgment against the petitioner for the sum of $50; the action being for the killing of a cow by the petitioner. The petition did not set forth any ground of error, and there was no complaint that the court erred in any particular.

The code, §4052, requires that the petition for *certiorari* "shall plainly and distinctly set forth the errors complained of." This requirement not having been complied with, the petition was properly dismissed.

A motion was made by counsel for the petitioner, in the court below, to amend the petition, setting forth the grounds of error, which motion was denied by the court. This court, in the case of the *Singer Manufacturing Company vs. Walker & Co.*, 77 *Ga.* 649, decided that the petition for *certiorari* could not be amended; and that decision controls this case. There was no error in the refusal of the court to allow the petitioner to amend.

The petition for *certiorari* is a proceeding to review the proceedings of an inferior judicatory and have the same considered and corrected, and the errors complained of must be set forth.

Judgment affirmed.