## HUNTER *v.* GARRETT.

1. A petition for certiorari presented no question for determination by the superior court, when the only language in the petition attempting to assign error upon the verdict complained of was as follows: "This is the second verdict of about this kind rendered in said court. The jurors in this district do not consider the rights of parties, and know nothing of their duties under the law. Wherefore, in order that said errors may be reviewed and corrected, petitioner prays that the State's writ of certiorari may issue, directed to said magistrate, in terms of the law."
2. The court erred in sustaining the certiorari and in directing in terms the judgment which should be entered at the next trial in the magistrate's court.

Argued April 28, — Decided May 27, 1898.

Certiorari. Before Judge Butt. Taylor superior court. October term, 1897.

*Brannon, Hatcher & Martin, C. C. West* and *A. A. Carson,* for plaintiff in error.

LUMPKIN, P. J. An action upon an open account for $49.28 was brought by Garrett against Hunter, in a justice's court. The case, on appeal therein, was tried by a jury, who returned a verdict in the following words: "We, the jury, find for the plff. $10.80; and we also find that the plff. pay costs of suit."

The plaintiff thereupon sued out a certiorari, setting forth the facts above recited and also the evidence introduced at the trial. The only language in the petition for certiorari attempting to assign error upon the verdict was that quoted in the first headnote. The magistrate's answer was as follows: "In answer to the writ of certiorari sued out by the plaintiff in the above-stated case and served upon him, respondent can make petition my answer, except in regard to incompetency of the jurors in this the 853 district G. M. of the aforesaid county. I have reason to believe that jurors in the aforesaid district are upright and intelligent men, and have the ability to arrive at an intelligent conclusion, as much so as any jurors in the county,—yes, in the State,—and they do know something of their duty and of their oaths under the law." The superior court rendered a judgment sustaining the certiorari, ordering a new trial in the lower court, and directing the justice of the peace to enter up a judgment in favor of the plaintiff against the defendant for the sum of $44.80, with interest and costs.

This judgment was manifestly erroneous. In the first place, the petition for certiorari did not allege any error in the verdict complained of. At most, it amounted only to a complaint against the general character of the jurors of the militia district in which the case was tried; and this attack upon them was not verified by the magistrate. In the second place, even if the plaintiff in his petition for certiorari had alleged that the verdict was contrary to the evidence, the superior court had no power to direct a judgment for any specified amount in his favor, for the evidence was conflicting as to what the amount of the plaintiff's recovery should be; and moreover, this was not a case in which the superior court could, in effect, render a final judgment.

*Judgment reversed. All the Justices concurring.*