## BICE *v.* THE STATE.

The provision of law which prohibits carrying to a church, or other place where the people have assembled for divine worship, any liquor or intoxicating drink, is violated when one attending such exercises at a named church has in his buggy a bottle containing whisky, and the buggy is

left standing within one or two hundred yards of the church building during the exercises. The defense that such liquor was carried there to be used by the wife of the person carrying it, in case of a sudden attack of illness, will not avail against the plain words of the statute, which itself furnishes the only exceptions allowable to the operation of the law.

Argued October 16, — Decided October 26, 1899.

Indictment for carrying liquor to church. Before Judge Reagan. Monroe superior court. August term, 1899.

*Persons & Persons*, for plaintiff in error.

*O. H. B. Bloodworth, solicitor-general*, contra.

LITTLE, J. Bice was indicted for the offense of carrying liquor to a church, and found guilty. He moved for a new trial, which was refused, and he excepted. It was shown that Bice went to Hopewell church in Monroe county, carrying his wife in a buggy. On arriving there he detached his mule and left the buggy one or two hundred yards distant from the church. He had some whisky in a bottle which he left in his buggy when he and his wife went into the church building where a religious meeting was in progress. This was on a Sunday in August, 1899. The defense relied on by the accused was, that his wife for two years had been troubled with heart disease, and that a physician furnished him the whisky and told him it was necessary to take it along for her. The motion for new trial is based on the grounds, that the verdict is contrary to law and against the evidence; and that the court in effect charged the jury that it was unlawful for the defendant to carry liquor to a church even under the direction of a physician who had prescribed whisky as a medicine for his wife who accompanied him, that no one can carry liquor to church even as a medicine, except a physician, that in cases of accident or misfortune liquor may be carried to a church and used, but not otherwise than by a physician, etc.

Two points are raised in the brief of counsel for plaintiff in error: first, that the place at which the liquor was carried and left was several hundred yards from a church or place where people assembled for divine worship, and that this did not constitute a violation of the law; second, that taking spirituous liquor to a church, for the use of a sick person who might need

it, was not within the contemplation of the statute. Neither of these contentions is, in our judgment, sound. Section 438 of the Penal Code positively forbids any person from carrying to a church, or other place where the people have assembled for divine worship, any liquor or intoxicating drink. To this mandatory provision of the law certain exceptions are made in section 441 of the Penal Code. The exceptions named are, that it shall not be unlawful to use intoxicating liquors at such places in case of accident or misfortune, nor are practicing physicians prohibited from carrying and using such liquor as they may deem necessary in their regular practice. It is contended that these sections of the code should be strictly construed. We think so, too, but not so strictly as to defeat the evident purpose which was intended to be accomplished. The object of this provision of the law was to absolutely prevent the indulgence in intoxicating liquors at a church where people were assembled for worship, and such object would be defeated if the provision were so construed as to permit persons to take such liquors to a point within one or two hundred yards of the church building within ready reach of the thirsty. It was hardly contemplated that the statute would only be violated by taking the liquor into a church. Certainly its purpose was to preserve order and promote that decorous conduct on the part of those who attend the services as befits the occasion, and to absolutely prohibit the introduction into the assembly of an influence which might defeat these objects. Taking into consideration the purposes of the act on which the section of the code is founded, a fair and even strict construction requires us to hold that, when it forbids carrying intoxicating liquor to a church, it means also to forbid its introduction to a place in such immediate proximity to the church building as to make it readily accessible to those who may desire to use it. This court has ruled that an indictment charging one with disturbing a congregation "at" a named church is supported by proof that the congregation was disturbed at a bush-arbor near such church. *Minter* v. *State*, 104 *Ga.* 743. The principle as to place, there ruled, governs the first point made by the plaintiff in error.

Nor do we think the charge of the court complained of was error. It is well enough to provide against sickness, not only in the form of heart disease, but of colic, cramps, and the like as well; but, under the statute we are considering, such a provision can not lawfully be made by carrying the medicine to church, if such medicine be whisky or other intoxicating liquor; and if one should unfortunately be subject to any of these ills, he must either stay at home, or, if he wishes to provide against sudden attacks, take with him some other kind of medicine. A practicing physician may lawfully carry and use at a church such intoxicating liquor as he may deem necessary in his regular practice, but a layman can not, even when advised so to do by a physician. As to this matter, the privilege given by law to the physician is by the same law withheld from the layman. The statute itself fixes the exceptions to the operation of the law. To these we can not make any addition. In our judgment, the plaintiff in error violated the law, he was properly convicted, and the court committed no error in overruling his motion for a new trial.

*Judgment affirmed. All the Justices concurring.*