### CLEMENTS *v.* McCORMICK HARVESTING MACHINE CO.

It is erroneous to overrule a motion to dismiss a certiorari when it appears that the petition for the writ contains no assignment of error to either the judgment which is sought to be set aside, or to any ruling made in the trial court.

Submitted May 1, — Decided July 18, 1902.

Certiorari. Before Judge Roberts. Montgomery superior court. December 16, 1901.

*George Bright,* for plaintiff in error.

LITTLE J. The plaintiff in error filed a claim to the levy of an execution issued from a justice's court in favor of the defendant in

error against T. M. Clements. The magistrate rendered judgment in favor of the claimant, the plaintiff appealed to a jury in the justice's court, and a verdict in favor of the claimant was returned. The plaintiff then sued out a writ of certiorari. When the certiorari case was called in the superior court, the defendant moved to dismiss the petition, "because there was no assignment of error therein, no complaint made therein of the verdict of the jury, and no error alleged therein to have been committed by the court or jury in the trial in the justice's court." This motion was overruled, and the court, on consideration of the petition and the answer of the magistrate, sustained the certiorari and remanded the case for another trial. To the overruling of his motion to dismiss, and to the judgment sustaining the certiorari, the plaintiff in error excepted.

In the view we take of this case it is only necessary to consider that assignment of error which complains of the refusal of the court below to dismiss the certiorari. The only language in the petition, in the nature of a complaint of the proceedings in the justice's court, is in the following words: "Wherefore your petitioner, being dissatisfied, sets forth and complains of the following errors: 1st. That the will in its recital states that if J. F. Clements can not act as executor, that Jas. R. Clements shall act and not T. M. Clements. 2nd. That an executor can not transfer his trust to an agent so as to defraud creditors. 3rd. That T. M. Clements, having bought the mule in his own name, having given his own individual note for same, and he being of age, and of sound mind and discretion, could not later set forth the fact that he was acting as agent for the executor, there being no written evidence of agency, nor sale of said property to principal, no receipts of bill sale having been taken whereby the executor could show the transaction of his trust." While it is evident that the plaintiff in certiorari was here attempting to set forth in his petition certain legal propositions which he believed to be applicable to his case, it is equally certain that the language quoted is in no sense a compliance with the requirement of the Civil Code, § 4637, that in petitions for certiorari the errors complained of shall be "plainly and distinctly set forth." Indeed, the petition does not specify any ruling of the magistrate as being erroneous, and does not complain of anything that took place upon the trial before that officer. "The plaintiff in certiorari must allege error so distinctly that a reviewing court may under-

.stand the ground of error relied on." *Hayden* v. *State,* 69 *Ga.* 731 (2). See also *Fleming* v. *State,* 67 *Ga.* 767. The petition for certiorari in the present case contained no assignment of error of any .character, and the court below should have sustained the motion ·to dismiss.

*Judgment reversed. All the Justices concurring, except Lewis, .J., absent.*