## 1870. CALLAWAY *v.* CITY OF ATLANTA.

1. This case is controlled by previous adjudications of the Supreme Court and of this court.

2. An assignment of error that "the judgment of conviction, sentence, and fine are contrary to law," not being specific, presents no question for adjudication.

Certiorari, from Fulton superior court—Judge Pendleton. March 27, 1909.

Argued May 19,—Decided June 15, 1909.

*Cox, Cox & Cox,* for plaintiff in error.

*W. P. Hill, J. L. Mayson,* contra.

POWELL, J. The plaintiff in error was convicted, in the recorder's court of the City of Atlanta, of violating section 1537 of the city code, prohibiting the keeping of liquor on hand for unlawful sale. He tendered a petition for certiorari to the judge of the superior court, who refused to sanction it; and to this ruling exception is taken. He presents only three points: (1) that the conviction is illegal for lack of evidence to support it, because it appears that while the defendant did have liquor on hand, he did not have it for the purpose of unlawful sale but had it for individual consumption; (2) that the conviction is contrary to law, in that the liquor was kept on hand at his place of business, and that the offense is covered by the State law in such a sense as to oust the municipality of jurisdiction; (3) that the fine imposed by the recorder was not in accordance with the provision of the

ordinance, the ordinance providing that one convicted of violating it "shall be punished by fine not exceeding $500, or imprisonment not exceeding 30 days, or both, in the discretion of the court," and the sentence imposed being that the defendant should pay a fine of $500 and costs and should "work on the streets or public works of said city 30 days under the direction of the superintendent of public works."

As to the first point the case is controlled by *Sawyer* v. *Blakely,* 2 *Ga. App.* 159 (58 S. E. 399). The defendant did contend that he had the liquors on hand for consumption and not for sale; but there was proof that he had made at least one sale of it. The second point is controlled by *Athens* v. *Atlanta,* ante, 244 (64 S. E. 711).

2. The third point is not made by the record. Counsel for the plaintiff in error contends that he is entitled to raise it under the assignment of error that "the judgment of conviction, sentence, and fine are contrary to law." Assignments of error must be specific, whether contained in a bill of exceptions or in a petition for certiorari. Civil Code, § 4650; *Western & Atlantic R. Co.* v. *Jackson,* 81 *Ga.* 478 (8 S. E. 209); *Durham* v. *Cantrell,* 103 *Ga.* 166 (20 S. E. 708); *Clements* v. *McCormick Co.,* 115 *Ga.* 852 (42 S. E. 222); *Hayden* v. *State,* 69 *Ga.* 731; *Fleming* v. *State,* 67 *Ga.* 767. An assignment of error that the verdict and judgment "is contrary to law" is not a specific assignment of error, and can not be considered by the court. *Newberry* v. *Tenant,* 121 *Ga.* 561 (49 S. E. 621); *Rogers* v. *Black,* 99 *Ga.* 142 (25 S. E. 20). Such an assignment can not be considered unless it is coupled with other assignments which specifically point out the reasons why the ruling, finding, judgment, or sentence complained of is contrary to law. It may be necessary to add that we are not speaking of the method of assigning error upon the action of the court in overruling motions for a new trial, demurrers, and similar pleadings in which the specific grounds are definitely set up.

*Judgment affirmed.*