5963.   BIRDFORD SUPPLY CO. *et al. v.* EDWARDS.

1. Where a petition for certiorari assigned error on several special grounds, and also because "the verdict rendered by the jury in said case is contrary to law and to the evidence, and decidedly and strongly against the weight of the evidence," and the petition set forth all the evidence adduced at the trial, together with copies of all the pleadings, the judge of the superior court did not err in overruling a motion to dismiss the certiorari upon the ground that there was no assignment of error upon the final judgment in the case.

2. Assignments of error abandoned in the brief of counsel for the plaintiff in error will not be considered in this court.

DECIDED JUNE 28, 1915.

Certiorari; from Tattnall superior court—Judge Sheppard. April 8, 1914.

*H. H. Elders,* for plaintiff in error.

WADE, J. The bill of exceptions complains that the judge of the superior court erred in overruling a motion to dismiss a certiorari because there was no assignment of error on the final judgment in the case, and also assigns error generally because he rendered final judgment in favor of the plaintiff in certiorari. The brief of counsel for the plaintiff in error insists only on the first of these exceptions, and therefore we need not consider whether the final judgment in the superior court was proper. The petition avers that the court erred in overruling certain motions and in allowing a certain amendment, and in admitting certain evidence therein referred to, and assigns error upon various grounds specified, and generally as follows: "all of which rulings of the court petitioner assigns as error. Your petitioner avers that the court erred in all the foregoing rulings, and that the verdict entered by the jury in said case is contrary to law and to the evidence, and decidedly and strongly against the weight of the evidence." The petition sets out in detail all the evidence adduced at the trial, and also sets out the verdict, as follows: "We, the jury, find in favor of the traverse. This November 20th, 1913. B. B. Tatum, foreman." A copy of all the pleadings is attached to the petition, including the

original traverse referred to in the verdict, together with an amendment thereto; and all of the allegations to the petition are adopted as true by the magistrate in his answer.

In *Fleming* v. *State, 67 Ga.* 767, it is held: "Where a certiorari is sought in a criminal case tried before a county court, the petition should set out the errors complained of. Where a petition for certiorari set out the facts of a trial, a brief of the evidence, the judgment of guilty, and closed by stating 'to which proceedings your petitioner alleges error,' the assignment of error was too general, *and nothing could be considered under it except whether the finding was supported by the evidence*" (italics ours). "An assignment of error that the verdict and judgment 'is contrary to law' is not a specific assignment of error, and can not be considered by the court. *Newberry* v. *Tenant,* 121 *Ga.* 561 (49 S. E. 621); *Rogers* v. *Black,* 99 *Ga.* 142 (25 S. E. 20)." *Callaway* v. *Atlanta,* 6 *Ga. App.* 354-5 (64 S. E. 1105). In that case the point which it was sought to review by this general assignment that the verdict and judgment "is contrary to law," etc., was not merely whether or not the verdict and judgment were supported by the evidence, but whether the fine imposed by the recorder was in accordance with the provisions of a certain ordinance; and, under repeated rulings both of the Supreme Court and of this court, as well as under the ruling in the *Fleming* case, supra, it is clear that the assignment was insufficient for that purpose. Nevertheless, under such an assignment, it is equally clear that the insufficiency of the evidence to support the verdict, or the question whether the verdict was contrary to law because unsupported by the evidence, could have been considered and passed upon. In *Hunter* v. *Garrett,* 104 *Ga.* 647 (30 S. E. 869), the Supreme Court held that a petition for certiorari presented no question for determination by the Supreme Court when the only language in the petition attempting to assign error on the verdict complained of was as follows: "This is the second verdict of about this kind rendered in said court. The jurors in this district do not consider the rights of parties, and know nothing of their duties under the law. Wherefore, in order that said errors may be reviewed and corrected, petitioner prays that the State's writ of certiorari may issue, directed to said magistrate, in terms of the law." In *Papworth* v. *Fitzgerald,* 111 *Ga.* 54 (36 S. E. 311), it was held that a petition for cer-

tiorari in which no effort was made to assign error upon the judgment which it was sought to review, except in the allegation that "petitioners objected to the judgment of said court, still object, and say the same was error and as such assign it," did not comply with the statute (Civil Code of 1910, § 5183) requiring that a plaintiff in certiorari shall, in his petition for the writ, "plainly and distinctly set forth the errors complained of." In that case the plaintiff in certiorari simply set forth that he "objected" to the judgment, and alleged that it was erroneous, and did not set out in what particular it was erroneous; or, as stated in the body of the opinion, "the petition for certiorari makes no attempt whatever to assign error upon the judgment sought to be reviewed. It does not even charge that it was contrary to law, or in what particular it is defective, or for what reason it should be set aside." If the petition had alleged that the judgment complained of was contrary to law or contrary to the evidence, and if a brief of the evidence had been included in the petition, the assignment of error would have been sufficient to authorize the court to pass at least upon the sufficiency of the evidence set forth to sustain the judgment returned. "A petition for certiorari must allege error so specifically and distinctly that a reviewing court may understand the ground of error relied on. *Clements* v. *McCormick Machine Co.*, 115 *Ga.* 851 [42 S. E. 222]. Such a petition, which sets forth all the evidence submitted on the trial before a jury in a justice's court, and alleges that the verdict complained of is against the weight of the evidence and without evidence to support it, sufficiently complies with this rule." *Mathews* v. *Parker*, 124 *Ga.* 144 (52 S. E. 322). This court held in *McLendon* v. *State*, 8 *Ga. App.* 398 (69 S. E. 37), that "an assignment of error, in a petition for certiorari, that 'the verdict was without any evidence to support it and was contrary to law' is sufficiently specific to bring under review all the evidence set out in the petition, when the writ is not sanctioned, or, when sanctioned, as verified by the answer of the magistrate to the writ." See also *Langley Mfg. Co.* v. *Frey*, 10 *Ga. App.* 753 (73 S. E. 1074).

So it is evident that the general assignment of error contained in the petition for certiorari in the case under review, "that the verdict entered by the jury in said case is contrary to law and to the evidence, and decidedly and strongly against the weight of the

evidence," was such a clear and distinct assignment of error as authorized the court to review all the evidence set forth in the petition (which was adopted by the answer of the magistrate), and to determine therefrom whether the evidence as a whole failed to support the verdict, and therefore was contrary to law, or whether the verdict was decidedly and strongly against the weight of evidence. Of course, under this general assignment of error, no error committed by the court, and no question other than as to the sufficiency of the evidence to support the verdict, could be considered, and the only other errors that might be considered were such as were specifically assigned. Since the sole question to be determined by us (according to the express contention of plaintiff in error) is whether the court erred in refusing to dismiss the certiorari, for the lack of sufficient assignments of error therein, we neither consider nor determine the sufficiency of the evidence to support the final judgment rendered by the judge of the superior court, or the propriety of the rendition of that judgment by him, and must assume that the record as a whole warranted the final disposition made of the case.      *Judgment affirmed.*