### 7136.  BOWDEN v. GEORGIA CHEMICAL WORKS.

RUSSELL, C. J.  This case having been entertained only upon condition
that the costs be paid within ten days, and the costs not having been
paid as required by the order of this court allowing a postponement of
their payment, the writ of error is dismissed.  Civil Code, § 6341.
                                              *Writ of error dismissed.*
                        DECIDED MAY 1, 1916.

Complaint; from city court of Hazlehurst—Judge Grant.  No-
vember 30, 1915.

*S. D. Dell,* for plaintiff in error.

---

### 7213.  HARVEY v. MAYOR AND COUNCIL OF CARROLLTON.

RUSSELL, C. J.  1.  The mayor, when trying a case in a municipal court,
is the exclusive judge of the credibility of the witnesses.  *Hooks* v.
*Wrightsville,* 16 *Ga. App.* 456 (85 S. E. 613).

2.  A general assignment in a petition for certiorari that a judgment of
conviction in a municipal court was "contrary to law," or "without
evidence to support it," is not sufficiently specific to present the con-
tention that there was a failure to prove the venue.  Acts 1911, p. 149.

3.  When in a petition for certiorari to review a conviction of a municipal
offense there is no explicit reference to the fact that there was a failure
to prove the venue upon the trial, it may be presumed that direct proof
of the venue was waived in the municipal court by a tacit admission
that the circumstances in evidence were sufficient to establish that juris-
dictional fact.

4.  The evidence fully authorized the mayor to find the defendant guilty of
keeping whisky for sale, and the judge of the superior court did not
err in refusing to sanction the certiorari.          *Judgment affirmed.*
                        DECIDED MAY 1, 1916.

Petition for certiorari; from Carroll superior court—Judge R.
W. Freeman.  November 15, 1915.

*Smith & Smith,* for plaintiff in error.