11102.   DAVIS *v.* TOWN OF GIBSON.

The allegation that the judgment rendered by the mayor was "contrary to law and unauthorized by the charter of the Town of Gibson" was too indefinite and presented no question for adjudication.

The alleged excessiveness of the sentence imposed by the mayor was no ground for the grant of a new trial on certiorari.

The petitioner for certiorari did not comply with all the conditions precedent to the sanction of a certiorari.

The court did not err in "overruling and dismissing" the certiorari.

DECIDED MARCH 2, 1920.

Certiorari; from Glascock superior court—Judge Walker. September 27, 1919.

The petition for certiorari alleges:. "Petitioner has complied with the law regarding certiorari from municipal or police courts, and has filed his bond, approved by the mayor who tried said case, in the sum of one hundred dollars, payable to said municipality, conditioned upon the appearance of the defendant to abide the final judgment or sentence of the court in said case." No copy of the bond appears in the record. The mayor's certificate states that the petitioner "has filed with me his bond approved by me, in the sum of one hundred dollars, to abide the final order, judgment, or sentence of the court in said case."

*M. L. Felts,* for plaintiff in error.   *E. B. Rogers,* contra.

BLOODWORTH, J.   Plaintiff in error was arraigned before the mayor of the Town of Gibson on the charge of violation of an ordinance which prohibited the running of automobiles in the town at a greater rate of speed than fifteen miles per hour.   There was a judgment of guilty and the court sentenced the accused to "pay a fine of $25 and cost, or serve 30 days in jail."   An application for certiorari was made, and upon the hearing the judge of the superior court ordered "that the certiorari be overruled and the same dismissed."   This ruling is before us for review.   The petition alleges error as follows:   1st.  "Because said judgment was not authorized by the evidence."   2d.  "Because said fine and sentence was excessive."   3d.  "Because said judgment was contrary to law and unauthorized by the charter of the Town of Gibson."   The last of these alleged errors we cannot consider, because (*a*) An assignment of error that "said judgment is contrary to law" presents no question for adjudication.   *Callaway* v. *Atlanta*, 6 *Ga. App.* 354 (2), 355 (2) (64 S. E. 1105), and cit.   (*b*) That the judgment is "unauthorized by the charter of the Town of Gibson" is too indefinite, and presents nothing for determination by this court.   The Civil Code (1910), §5183, provides that a petition for certiorari shall "*plainly and distinctly* set forth the errors complained of."   This ground does not attempt to point out how or in what way the judgment is "unauthorized by the charter of the Town of Gibson."   Besides, this point is raised for the first time in the petition for certiorari.   In *Masters* v. *Southern Express Co.*, 23 *Ga. App.* 642 (1) (99 S. E. 144), it was said:  "The writ of certiorari lies for the correction of errors committed by the trial court.   Accordingly, the writ may not for the first time raise a point which should have been raised before the trial court, and on which that court should have been given an opportunity to rule at the time of trial."   The second assignment of error is not such as would authorize the grant of a new trial.   "If there has been a lawful verdict of conviction rendered in a criminal case, an error committed by the judge in the imposition of the sentence will be no sufficient reason for setting aside the verdict and trying the accused again upon the question of his guilt or innocence."   *Sable* v. *State*, 22 *Ga. App.* 769 (97 S. E. 271), and cit.   In addition to the above, the petition for certiorari did not comply with all the conditions precedent to the sanction

of a certiorari, stated in *Gillespie* v. *Mayor & Council of Macon,* 19 *Ga. App.* 1 (90 S. E. 970). The court did not err in "overruling and dismissing" the certiorari.

> *Judgment affirmed. Broyles, C. J., and Luke, J., concur.*