12992.     PERRY *et al.,* receivers, *v.* CAMILLA COTTON OIL AND FERTILIZER COMPANY *et al.*

There being some conflict in evidence on the material and controlling issue as to the payment of the note sued on, a question for determination by a jury was presented, and the direction of a verdict was error.
DECIDED APRIL 26, 1922.

Complaint; from city court of Camilla — Judge Burson. September 5, 1921.

*H. H. Merry, L. S. Moore,* for plaintiffs.

*E. M. Davis,* for defendants.

HILL, J.     This is a suit by the receivers of the Sale City Bank on a promissory note, against the principal maker of the note and the indorsers thereon. A plea of payment was filed. At the conclusion of the evidence the presiding judge directed a verdict for the defendants, and this is assigned as error. It is insisted that there was evidence of a circumstantial character which would have supported a verdict for the plaintiff, in that it would have induced

the jury to believe that the note had not been paid. The plaintiffs introduced the note, which made out a prima facie case. The defendants swore that the note had been paid by the giving of new notes. In addition to this, the evidence for the plaintiffs showed that the receivers of the bank had made diligent search among the assets of the bank and had discovered the note sued on among them, but no evidence whatever of payment of the note itself; and they swore that they made an examination of the books of the bank to see whether there was any entry of such payment, and that no such entry was found. The fact that a promissory note is found in the possession of the payee furnishes a strong circumstance tending to show non-payment. Men ordinarily take up their notes when they pay them, and this circumstance is one that the jury, on the trial of an issue as to payment, would be authorized to consider. The circumstance also that the bookkeeper of the bank failed to make any entry of payment of the note on the books of the bank was also a circumstance in favor of the plaintiffs. It is insisted by the defendants that the evidence as to the contents of the books was not admissible, there being no preliminary proof that would have authorized its introduction, and that the books themselves were the best evidence and should have been produced. This is the general rule, well established, but a witness who had examined the books would be competent to testify that there was no entry of payment of the note therein. *Griffin* v. *Wise,* 115 *Ga.* 612 (41 S. E. 1003). The notes alleged to have been given in renewal of the old note were introduced in evidence and were marked "paid," and a witness testified that they were paid at maturity. The witness who testified as to the original note and as to the payment of these renewal notes was one of the defendants, having been an indorser of the original note. The theory of our law is that the jury, on questions of fact, are almost without restrictions, and can believe evidence of a circumstantial character or positive evidence as to the same fact. It is for them to consider all the evidence and determine the question, where there is any doubt about it whatever. It can not be a question of law, for the direction of a verdict, unless there is no conflict in the evidence, either circumstantial or direct, and all the evidence demands a verdict for the one side or the other. Civil Code (1910), § 5926. The introduction of the note itself was sufficient

to make out a prima facie case; and whether the circumstances in evidence were of sufficient weight to authorize the jury to discard the positive testimony of the defendants' witness was a question for determination by the jury alone. We think that the court should have left the question to the jury, under proper instructions, and that the direction of a verdict for the defendants was erroneous.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*