*P. M. Anderson, H. H. Elders,* conrta.

---

### 15182. ILLINOIS CENTRAL RAILROAD Co. *v.* BANKS.

BROYLES, C. J. 1. The assignments of error in the petition for certiorari upon the exclusion of certain parts of depositions offered by the petitioner are insufficient, in that they merely specify the rulings complained of and do not point out the alleged error or errors in the rulings. Nor does the petition specify, either literally or in substance, the evidence which was excluded. See, in this connection, Civil Code (1910), § 5183; *Lamar Co.* v. *Lamar*, 123 *Ga.* 667 (1), 668 (51 S. E. 584); *Green* v. *Patterson*, 25 *Ga. App.* 374, 376 (103 S. E. 437).

(*a*) Moreover, it appears from the petition for certiorari, and the answer of the trial judge thereto, that the portions of the depositions excluded were those parts wherein witnesses were stating the contents of certain original records in their possession, the records not being introduced in evidence nor attached to the depositions, and the witnesses not reading from the records for the purpose of refreshing their recollection.

Under these circumstances it was not error for the judge to rule that the original records were the best evidence, and that the witnesses could not state their contents. Civil Code (1910), §§ 5748, 5759; *Griffin* v. *Wise*, 115 *Ga.* 610, 612 (41 S. E. 1003); *Johnson* v. *State*, 125 *Ga.* 243 (2 *a*) (54 S. E. 184;) *Henderson* v. *Maysville Guano Co.*, 15 *Ga. App.* 69 (4) (82 S. E. 588); *Perry* v. *Camilla Cotton Oil &c. Co.*, 28 *Ga. App.* 512, 513 (111 S. E. 823).

2. "When goods moving in interstate commerce upon a through bill of lading are delivered in bad condition and the evidence shows that they were sound when received by the initial carrier, but does not affirmatively establish where the loss occurred, there is a common-law presumption, applicable under the Carmack amendment, against the delivering carrier, that the injury occurred on the delivering carrier's line." "There is no inconsistency between this rule and the provision of the amendment making the initial carrier also liable." Chicago & Northwestern Railway Co. *v.* Whitnack Produce Co., 258 U. S. 369. See *Barron* v. *New York &c. R. Co.*, post, 757.

(*a*) Under the above decision of the Supreme Court of the United States and the facts of the instant case, the trial magistrate, sitting without the intervention of a jury, did not err, either in denying the motion for the grant of a nonsuit or in rendering the judgment complained of in favor of the plaintiff; and the judge of the superior court did not err in overruling the certiorari.

3. It not appearing to this court that the writ of error was prosecuted for the purpose of delay, the request of the defendant in error for an award of damages is denied.

             *Judgment affirmed. Luke and Bloodworth, JJ., concur.*

                  DECIDED MARCH 6, 1924.

Certiorari; from Fulton superior court—Judge Bell. September 26, 1923.

*William Mathews, Little, Powell, Smith & Goldstein,* for plaintiff in error.

*Watkins, Russell & Asbill,* contra.