15770.   HEBBARD *v.* THE STATE.

This court will not say, as a matter of law, that the verdict in this case, finding the accused guilty upon the charge of possessing and controlling intoxicating liquor, is without evidence to support it.

DECIDED NOVEMBER 12, 1924.

Possessing intoxicating liquor; from city court of Washington—Judge Sutton. June 9, 1924.

The accusation charges that the accused did "have, possess and control spirituous, vinous, malted, fermented, intoxicating and prohibited liquors and beverages." On the trial the sheriff swore in part: "They drove right on up to us without a sign of a light. I stepped out in the road and stopped them. Mr. Moore was driving and Mr. Hebbard was sitting on the front seat with him. They had several bottles of whisky and half-gallon jug. Some of the bottles were between Mr. Moore and Mr. Hebbard, and some of them were on the outside of Hebbard, on his right, next to the side of the car, and the half-gallon jug was on the outside, next to the side of the car, on Mr. Hebbard's side, and was held in position by his body. Nearly all the bottles were stacked around Mr. Hebbard with the jug, so as to hold them and keep them from breaking. Mr. Hebbard said the whisky belonged to Mr. Moore, and Mr. Moore claimed it." The deputy sheriff testified as follows: "I was with the sheriff when we arrested Mr. Hebbard and Mr. Moore out near the country club, and he has told it just like it was. Both the men were on the front seat of the car, and the bottles and the jug were held in position by their bodies, and most of the bottles and the jug were held in position by Mr. Hebbard's body." The defendant made no statement. The only witness introduced by him said: "This was my car and my whisky that the sheriff found that night. Mr. Hebbard had nothing to do with it. He asked me to take him home that night, and I was going with him. He knew nothing about the whisky until I put it in the car. He did not own or possess any of it. I told this to the sheriff that night. I put the whisky on the front seat with us to keep it from breaking. It was not Mr. Hebbard's whisky. He did not have anything to [do] with it." The motion for a new trial, which contained the general grounds only, was overruled, and the defendant excepted.

*H. E. Combs, Colley & Colley,* for plaintiff in error.

*Charles H. Calhoun, solicitor,* contra.

BLOODWORTH, J. (After stating the foregoing facts.) "The decision of every issue of fact is exclusively for the jury." *Davis v. Kirkland,* 1 *Ga. App.* 5 (1) (58 S. E. 209). "No principle of law is founded upon better reason or has been more strictly adhered to by this court than that the jury are the proper judges of the weight and sufficiency of testimony and of the credibility of witnesses, and this court will not disturb the verdict of a jury where

there is evidence to support its findings. *Strickland* v. *Crawley*, 1 *Ga. App.* 139 (58 S. E. 215); *Charles* v. *Brooker*, 1 *Ga. App.* 219 (58 S. E. 218); *Daughtry* v. *S. & S. Ry. Co.*, 1 *Ga. App.* 393 (58 S. E. 230)." *Unity Cotton Mills* v. *Hasty*, 19 *Ga. App.* 590 (2) (91 S. E. 916).

"There are no accessories in misdemeanors. All who procure, counsel, command, aid, or abet the commission of a misdemeanor are regarded by the law as principal offenders, and may be indicted as such. The indictment may be joint against all those connected with the criminal enterprise, or it may be several against any one of them. Whether the indictment is joint or several, any particular defendant accused therein of having committed the misdemeanor may be convicted by proof either that he directly and personally enacted the criminal transaction, or that he procured, counseled, commanded, aided, or abetted the criminal transaction of another, who was the direct and immediate actor." *Loeb* v. *State*, 6 *Ga. App.* 23 (1, 1 *a*) (64 S. E. 338).

Applying the foregoing rulings to the evidence in this case, the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*