## 16837.   NASWORTHY *v.* THE STATE.

BROYLES, C. J.   The request to charge was sufficiently covered by the charge given, and the verdict was authorized by the evidence.   See *Copeland* v. *State* (a companion case to the case at bar), 33 *Ga. App.* 150.

*Judgment affirmed.   Luke and Bloodworth, JJ., concur.*

DECIDED DECEMBER 15, 1925.

Arson; from Emanuel superior court—Judge Hardeman.   September 2, 1925.

Application for certiorari was denied by the Supreme Court.

*F. H. Saffold,* for plaintiff in error.

*Walter F. Grey, solicitor-general, A. S. Bradley, I. W. Rountree,* contra.

---

## 16838.   POPHAM *v.* THE STATE.

LUKE, J.   Popham was convicted of violating the prohibition statute.   The evidence was in conflict.   The jury, as they had the right to do, believed the State's testimony, which was sufficient to authorize them to find beyond a reasonable doubt that the defendant put a can of whisky in a car in which he was riding, and that, after being arrested by the officers, he said (according to one of the witnesses), "You have caught me fair."   See, in this connection, *Hebbard* v. *State,* 33 *Ga. App.* 45 (125 S. E. 508).

The special assignment of error upon the court's failure to separate the witnesses is without merit.   See *Howie* v. *State,* 114 *Ga.* 24 (8) (39 S. E. 944).

*Judgment affirmed.   Broyles, C. J., and Bloodworth, J., concur.*

DECIDED DECEMBER 15, 1925.

Conviction of possessing liquor; from city court of Floyd county—Judge Bale.   September 25, 1925.

*Porter & Mebane,* for plaintiff in error.

*Alec Harris, solicitor,* contra.