## 18979.  HUNT *v.* THE STATE.

DECIDED JULY 10, 1928.    REHEARING DENIED JULY 31, 1928.

*John T. Dorsey,* for plaintiff in error.
*George D. Anderson, solicitor-general,* contra.

BLOODWORTH, J.  ■  The motion for a new trial alleges that the solicitor-general asked a witness a question, and that counsel for the defendant objected to the question. The record does not

show that this question was ever answered or that the judge was apprised of what the answer would be if the witness should answer. This ground is, therefore, incomplete. This court will not refer to the brief of evidence for the purpose of completing an incomplete assignment of error.

■ The second ground of the amendment to the motion alleges that the court erred in a certain portion of the charge. The instructions given were not alleged to be erroneous, but the objections were "to the fashion and arrangement of the principles of law given by the court, [to ?] their order in the charge, movant excepted, he now excepts, and assigns the same as error and contrary to law." In this contention we can not agree with counsel for plaintiff in error.

■ As in misdemeanors "there are no accessories, and all who knowingly participate in such criminal transactions are equally guilty, whether they participate as chief or principal actor, or as a mere accessory" (*Loeb* v. *State*, 6 *Ga. App.* 23, 30, 64 S. E. 338; *Hebbard* v. *State*, 33 *Ga. App.* 45, 47, 125 S. E. 508), this court can not say that there is no evidence which would authorize the jury to reach the conclusion that the defendant was aiding and abetting a certain party who was clearly guilty of transporting intoxicating liquor.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*

### ON MOTION FOR REHEARING.

BLOODWORTH, J. The plaintiff in error alleges that "the court overlooked the verdict of the jury trying the case acquitting the defendant on the first count and finding him guilty on the 3d count, as shown by the record in this case," and insists that a rehearing should be granted him because "the verdict is contrary to law," which is the 3d ground of the original motion for a new trial. The court did not overlook the verdict of the jury which tried the case. In *Empire Cotton Oil Co.* v. *Continental Gin Co.*, 21 *Ga. App.* 16, 18 (93 S. E. 525), on motion for a new hearing Judge Jenkins said: "Section 6142 of the Civil Code of 1910 provides: 'When a party desires to review the judgment of the court in granting or refusing a new trial, the plaintiff in error shall specifically set out the errors complained of.' The only assignment of error which it would seem, under any view, might be taken as covering the point here mentioned is the general ground, contained in the motion for a new trial, that the verdict is 'contrary to law.' Under the rulings

made by the Supreme Court, such an assignment presents nothing for the decision of the appellate court. *Napier* v. *Burkett,* 113 *Ga.* 607 (38 S. E. 941) ; *Roberts* v. *Keeler,* 111 *Ga.* 181 (36 S. E. 617). See also Civil Code (1910), § 6203; *McKelvin* v. *State,* 17 *Ga. App.* 413 (87 S. E. 150).'' In *Callaway* v. *Atlanta,* 6 *Ga. App.* 354 (2) (64 S. E. 1105), Judge Powell said: "Assignments of error must be specific, whether contained in a bill of exceptions or in a petition for certiorari. Civil Code, § 4650; *Western & Atlantic R. Co.* v. *Jackson,* 81 *Ga.* 478 (8 S. E. 209) ; *Durham* v. *Cantrell,* 103 *Ga.* 166 (20 S. E. 708) ; *Clements* v. *McCormick Co.,* 115 *Ga.* 852 (42 S. E. 222) ; *Hayden* v. *State,* 69 *Ga.* 731; *Fleming* v. *State,* 67 *Ga.* 767. An assignment of error that the verdict and judgment 'is contrary to law' is not a specific assignment of error, and can not be considered by the court. *Newberry* v. *Tenant,* 121 *Ga.* 561 (49 S. E. 621) ; *Rogers* v. *Black,* 99 *Ga.* 142 (25 S. E. 20)."

*Rehearing denied. Broyles, C. J., and Luke, J., concur.*