## 19677. COHEN *v.* FINKOVITCH.

DECIDED JUNE 11, 1929. REHEARING DENIED JULY 9, 1929.

*Morris Macks, A. A. Baumstark,* for plaintiff in error.
*Sidney G. Gilbreath Jr., Dillon, Calhoun & Dillon,* contra.

BLOODWORTH, J. Suit was brought in the municipal court of Atlanta (Fulton section) by M. Finkovitch, trading as Finlin, against A. Cohen, trading as A. Cohen & Co., and the following judgment was rendered: "The within case coming on for a hearing in its order, after evidence and argument it is considered, ordered, and adjudged that plaintiff do have and recover of A. Cohen the sum of $331.02 principal, $15.44 interest, and $——— cost." A motion for a new trial having been overruled, the movant appealed to the appellate division of the municipal court, and that division affirmed the judgment overruling the motion. The defendant sued out certiorari, and the case, "with all the facts and proceedings," went to the superior court. The certiorari was overruled, and the defendant excepted.

This court is a court for the correction of errors only, and, for it to deal with errors intelligently, the questions to be decided must be such as were passed upon by the trial court, and these errors must be clearly, distinctly, and specifically pointed out.

Certiorari will lie only for the correction of errors committed in the trial court. Section 5199 of the Civil Code of 1910 refers to hearings on petitions for certiorari, and is as follows: "No ground of error shall be insisted upon, on the hearing, which is not distinctly set forth in the petition." In *Jones* v. *May,* 27 *Ga. App.* 152 (3) (107 S. E. 897), this court held: "The writ of certiorari lies only for the correction of errors committed in the trial court, and no question, unless first raised there, can be considered by the superior court or by this court. *Masters* v. *Southern Express Co.,* 23 *Ga. App.* 642 (1) (99 S. E. 144); *Davis* v. *Town of Gibson,* 24 *Ga. App.* 813, 814 (102 S. E. 466)." In *Southern Ry. Co.* v. *Davis,* 99 *Ga.* 613 (2) (25 S. E. 880), the Supreme Court announced the following: "The alleged error in admitting evidence could not be considered by the superior court, for the reason that the petition for certiorari did not state what, if any, objection was made when the evidence was offered." See *Ga. Coast & Piedmont R. Co.* v. *Herrington,* 14 *Ga. App.* 539 (81 S. E. 814); *Wall* v. *Hawker Pottery Co.,* 27 *Ga. App.* 255 (2) (108 S. E. 134). Headnote 3 in *Southwestern R. Co.* v. *Cohen,* 49 *Ga.* 628, is as follows: "If illegal evidence be admitted by a justice and no objection be made at the trial, both parties being represented by counsel, the admission of the evidence is not a good ground for certiorari." See *Brown* v. *Alexander,* 112 *Ga.* 247 (37 S. E. 368); *Western & Atlantic R. Co.* v. *Jackson,* 81 *Ga.* 478 (8 S. E. 209); *Illinois Central R. Co.* v. *Banks,* 31 *Ga. App.* 756 (122 S. E. 85). Under the rulings in the foregoing cases the assignments of error in the petition for certiorari on the admission of evidence can not be considered by this court. It is true that complaint is made in general terms in the appeal to the appellate division of the municipal court and in the petition for certiorari that illegal rulings were made, but the petition fails to point out as erroneous any specific ruling of the judge who tried the case, and does not complain specifically of any ruling that was made by him during the trial. Indeed, the judge who tried the case, in his order transmitting the record to the appellate division of the municipal court, certified that "the recitals of fact contained in the foregoing appeal and assignments of error are true and correct with the qualification that no motion was made to suppress depositions or to exclude evidence complained of." As no motion

to exclude the evidence of the witnesses or suppress the interrogatories was made during the trial, it is clear that these questions can not be considered by this court.

There is no merit in the contention of the plaintiff in error that "Exhibits annexed to the process [there being no petition filed in said case]" were never amended by the plaintiff, "nor was any order of court either prayed for or allowed amending said exhibits annexed to the process."

The petition for certiorari shows no error committed by the judge of the municipal court who tried the case; no error was committed by him when he overruled the motion for a new trial; the appellate division of the municipal court properly affirmed the judgment of the judge of the municipal court; and the judge of the superior court did not err in overruling the certiorari.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*