### 19772. CLOWERS *v.* THE STATE.

Decided July 9, 1929.

*W. A. McClellan, Thomas A. Jacobs Jr.,* for plaintiff in error.
*John Y. Roberts, solicitor,* contra.

Luke, J. The accusation charges that the defendant, "being engaged in the business of selling at retail cigars and cigarettes, did unlawfully sell, offer for sale, and exhibit packages of cigarettes, and have in his possession containers of cigars, without first affixing the stamps as required by law." Upon his conviction he filed a motion for a new trial, based on general grounds only, which was overruled; and upon this ruling he assigns error. Upon the trial a witness for the State swore: "I went to a store on the corner of Broadway and Oglethorpe Street, and saw the defendant there in the store. He said he was in *charge* of the store. I found in a showcase several boxes of cigars, some having three or four cigars in them, and some nearly full. I examined the boxes and did not find any stamps on them. Under the counter I found some broken cartons of cigarettes that had not been stamped. The defendant said that cigars, cigarettes, groceries, and cold drinks were sold at the store."

The act of August 16, 1924 (Ga. L. 1924, p. 27), amending the act of 1923, provides that "The exhibition of any package, or packages, of cigarettes which do not bear the stamps required to be affixed under the provisions of this act, by any retail dealer, in any show-case, window, or on any shelf or table, or the possession of any box, package, or container of cigars, which do not bear stamps as required herein, shall constitute prima facie evidence of the guilt of such dealer of the violation of this act." 13 Park's Code Supp. 1926, p. 1113, § 476(f).

The defendant's admission that he was *in charge* of the store, and that cigars and cigarettes were sold there, coupled with the evidence that it was a retail store, that the defendant was in fact there, and that unstamped boxes of cigars were in the showcases, with a part of the cigars gone out of them, and unstamped, broken

cartons of cigarettes were found under the counter, was sufficient to authorize his conviction. The contention on the part of the accused that he did not own any part of the store, and that consequently his conviction was unauthorized, because he was not a retailer, is without merit. There was evidence that he was in charge; and in misdemeanors all who participate are equally guilty, whether they participate as chief or principal actor, or as a mere accessory. *Hunt* v. *State,* 38 *Ga. App.* 352 (3) (144 S. E. 148).

The court did not err in overruling the motion for a new trial. *Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*