## 21379.   REED *v.* THE STATE.

DECIDED MAY 13, 1931.

*Miller & Lowrey,* for plaintiff in error.
*John Y. Roberts, solicitor,* contra.

BLOODWORTH, J. The defendant, Charlie Reed, was convicted of selling cigarettes at retail without the stamp being affixed to the package. The evidence for the State showed that a witness for the State bought from the defendant a package of cigarettes that had no revenue stamp on it; that the defendant got these cigarettes from a metal filing cabinet on the top of a show-case at and in the place of business of one W. F. Bell; that three days later an inspector for the revenue department of the State went to the same place of business, and, in the metal filing cabinet on top of the

show-case, found seven packages of cigarettes without stamps on them. It is undisputed that Bell was the proprietor of the business, that he was a duly licensed dealer in cigarettes, and that the defendant was his employee at this place of business at the time of the alleged sale. The defendant assigns error on the overruling of his motion for a new trial.

The first special ground of the motion for a new trial sets out at length an excerpt from the charge of the court which is alleged to be error; the second special ground sets out a lengthy request to charge, the refusal of which is alleged to be error; and the third special ground alleges error because the court refused to permit counsel for the defendant to argue, in brief, that in order for the jury to convict the defendant, they must believe that the employer was selling or had sold unstamped packages of cigarettes, and that the defendant with his knowledge or belief, in selling the unstamped cigarettes, was aiding and abetting his employer. It is not necessary to set out in full the charge complained of, or the request to charge which was refused. There was no error in the former, and the latter, so far as proper, was covered by the charge given. Part of the charge complained of in the 1st special ground of the motion is as follows: "All who procure, counsel, command, aid or abet in the commission of a misdemeanor are treated by the law as principal offenders. I charge you in this connection, if you believe the defendant was working for Mr. Bell, and that Mr. Bell was engaged in the business of buying, selling and distributing cigarettes, and that the defendant, while so engaged in the business of Mr. Bell, did sell a package of unstamped cigarettes to the witness Swindel, as contended by the State, you should find the defendant guilty. If, on the other hand, you believe the defendant was not working for Mr. Bell, or that Mr. Bell was not engaged in the business of buying, selling, and distributing cigarettes, or if you should believe the defendant, while so engaged in the business of Mr. Bell, did not sell a package of cigarettes unstamped to the witness Swindel, as contended by the State, of course you should find him not guilty." This is a correct statement of the law applicable to this case, and is not subject to the criticism that it is erroneous because under such charge "one sale alone makes the employee a dealer himself engaged in the retail business of buying, selling and distributing cigarettes." All who participate in misde-

meanors are treated by the law as principal offenders; and in the act of 1924 (Ga. L. 1924, p. 26, section 1) "a dealer at retail is defined to be any person, firm or corporation, engaged in the business of selling such articles directly to the consumer, or for any other purpose than that of resale, *irrespective of the quantity* that may be sold." (Italics ours.) The case of *Lichtenstein* v. *State*, 34 *Ga. App.* 138 (128 S. E. 704), cited by counsel for plaintiff in error, is not in point. In that case the evidence showed the defendant to be a wholesale dealer, and this court held that a single sale was not sufficient to show that he was a retailer. In the instant case the undisputed evidence shows that the employer of the defendant was a duly licensed retail dealer in cigarettes. Nor was it error for the court to refuse to permit counsel to argue to the jury as set out in the third special ground of the motion. It is not necessary that the jury, in order to convict, should believe that the defendant was a dealer in the sense of being the proprietor of the business. If the dealer could not be convicted because he was not the one who actually made the sale, and if the employee who actually made the sale could not be convicted because he was not a dealer in the sense of being a proprietor, then, by simply furnishing the unstamped cigarettes and having his clerks sell them, any dealer in cigarettes at retail could avoid conviction of a violation of this law. All who participate in the sale, either directly or indirectly, are guilty as principals. See *Deal* v. *State*, 14 *Ga. App.* 121, 123 (80 S. E. 537); *Hunt* v. *State*, 38 *Ga. App.* 352 (3) (144 S. E. 148); *Clowers* v. *State*, 40 *Ga. App.* 154, 156 (149 S. E. 95).

The evidence authorized the verdict, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*