27199. STURMAN *v.* THE STATE.

DECIDED FEBRUARY 22, 1939.

*Giles & Hall, Dolly Lee Butler,* for plaintiff in error.

*John S. McClelland, solicitor, John A. Boykin, solicitor-general, J. W. LeCraw,* contra.

MACINTYRE, J. J. T. Sturman was charged with the offense of possessing intoxicating liquor, the accusation being in two counts. Count 1 alleged in part that the defendant did "have, control, and possess . . whisky in bottles at Exchange Hotel and Broad Street. . ." Count 2 alleged in part that the defendant did "have, control, and possess . . whisky in bottles at 11 Pryor Street. . ." He was found guilty on both counts, in the criminal court of Fulton County. His certiorari was overruled, and he excepted. One contention in the brief of the plaintiff in error is that the verdict and sentence were erroneous, because the "venue of the action was never clearly established." There is no distinct assignment of error in the petition for certiorari on any alleged failure to prove venue. It is now too late to make this complaint. Code, § 19-404. Nor is a general assignment of error sufficient. *Harvey* v. *Carrollton,* 18 *Ga. App.* 54 (2) (88 S. E. 798). Another complaint in the brief is on the admission by the trial court of evidence as to other previous transactions connecting the accused with violation of the law relative to possessing whisky. This point was likewise not raised in the record, and can not now be considered by this court. See *Grant* v. *State,* 48 *Ga. App.* 162 (172 S. E. 89) ; *Callaway* v. *Atlanta,* 6 *Ga. App.* 354 (2) (64 S. E. 1105), and cit.

It is urged that the whisky was not found on the premises of the Exchange Hotel, and that there was a variance between the allegations of the indictment ("at the Exchange Hotel") and the proof. Taking the evidence as a whole, the nearness of the whisky storeroom, located on the top of a building adjoining the hotel; the description of the witnesses as to how it was accessible to the window of the Exchange Hotel; the proof that the defendant's whisky business had been carried on from the Exchange Hotel, he being the

proprietor thereof; and the evidence that a "right slick path" had been worn across the roof leading to the storeroom where the whisky was kept, we are of the opinion that the jury might find from all these and other circumstances that the room was near ("at") the hotel, was occupied and habitually used as a part of the hotel by the defendant, and was in truth a part of the hotel (*Howell* v. *State,* 164 *Ga.* 204, 210, 211 (2), 138 S. E. 206; *Minter* v. *State,* 104 *Ga.* 743, 30 S. E. 989; *Massey* v. *Columbus,* 9 *Ga. App.* 9, 13, 70 S. E. 263; *Farmers Cotton-Oil Co.* v. *Brooke,* 14 *Ga. App.* 778, 782, 82 S. E. 372; *Bice* v. *State,* 109 *Ga.* 117, 34 S. E. 202); as in cases many years ago the kitchens did not adjoin the principal or main part of homes, but were some distance therefrom, often as far as fifty or one hundred feet; yet the kitchen was a part of the residence, although not connected by any covered porch or other passageway other than a path.

The other assignments of error are plainly without merit. The theory on which the State's prosecution proceeded was that the accused was "the man higher up," and the evidence, both direct and circumstantial, was sufficient to warrant a conviction on both counts. The judge did not err in overruling the certiorari. *Mays* v. *State,* 47 *Ga. App.* 55 (169 S. E. 683).

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*