Dorsey *vs.* Black.

---

JOHN M. DORSEY, executor, plaintiff in error, *vs.* JOHN W. BLACK, defendant in error.

1. When a party applies for the writ of *certiorari*, under section 4056 of the Code, he must make affidavit not only that he believes, but that "*he is advised*" that he has good cause for *certiorari*.

2. When there is no question of fact, in the judgment of the superior court, involved, and hence no need of a new trial, it is "the duty of the judge to render a final judgment and have it executed in the case without sending it back to the tribunal below."

3. Strict pleading is not required in the justice courts, and the omission of the word "*as*" before executor, in a suit there against such executor, or in the verdict or judgment against him, does not vitiate the proceeding.

*Certiorari.* Justice Courts. Administrators and executors. Judgments. Before Judge RICE. White Superior Court. May Term, 1875.

Reported in the opinion.

G. M. NETHERLAND, for plaintiff in error.

WIER BOYD, for defendant.

JACKSON, Judge.

A motion was made in the justice's court to enter up judgment, *nunc pro tunc,* upon the verdict of a jury rendered in 1864. The justice refused to grant the motion, and the plaintiff, J. W. Black, carried the case by *certiorari* to the superior court. That court sustained the *certiorari,* and passed an order for a new trial, and directing the justice to "enter and sign up judgment, *nunc pro tunc,* for the plaintiff for principal, interest and costs." The defendant appeals to this court, and assigns for error: first, that the court erred in this, that the statute, in cases where the costs are not paid and bond given, requires the party applying for the writ to swear "*that he is advised,*" as well as that he believes he has good cause for *certiorari;* secondly, that the court erred in this, that he not only granted the new trial but directed the justice to enter and sign up judgment; thirdly, that the verdict was against the defendant, executor, and not *as* executor.

1. Where a party applies for the writ of *certiorari* under section 4053 of the Code, the statute prescribes that he shall swear that he "*verily believes*" he has good cause for *certiorari,* and stops there; but where he applies, under section 4056, which is the case here, he is required to swear, in addition, that "*he is advised*" that he has such good cause. It would seem that the legislature intended that when the party could not pay the costs and give the security, as in ordinary cases, under section 4053 of the Code, he should get competent advice before delaying the other party. At all events the statute

plainly requires that he shall swear that he is so advised, and we cannot alter or annul the provision.

2. In cases where there is no question of fact, the Code provides that the judge of the superior court shall make a final decision in the case, and not send it back and direct the justice to make it. In this case the judge grants the new trial, and yet dictates the decision of the justice of the peace and the judgment he is to sign up. We think this without authority of law and against the statute: Code, section 4067.

3. As to the other error complained of, that the verdict, if there was one, was not against the executor *as* executor, the little word "*as*" being left out, we think in proceedings in the justice's court no such nicety of pleading or practice is required. On the whole, we think from the record that execution has been long ago issued in this case, perhaps paid off, perhaps dormant; and think that the *certiorari* should have been dismissed and the judgment of the justice of the peace affirmed; and we so direct.

Judgment reversed.