FRANCIS P. SMITH *et al.*, plaintiffs in error, *vs.* HAMLIN J. COOK, defendant in error.

Where a record does not affirmatively show that any final judgment or decree has been rendered in the court below, there is nothing for this court to review, and the writ of error will be dismissed.

Practice in the Supreme Court.    Before Judge KIDDOO. Baker County.    At Chambers.    November 26th, 1875.

Reported in the decision.

VASON & DAVIS; A. L. HAWES, by D. H. POPE, for plaintiffs in error.

STROZER & SMITH; R. F. LYON; R. N. ELY, for defendant.

WARNER, Chief Justice.

This was a motion for a new trial, as stated in the bill of exceptions, in an equity cause, in which Hamlin J. Cook was complainant, and F. P. Smith and D. D. Smith were defendants, on the trial of which it is alleged that a decree was rendered in favor of the complainant, but the record before us does not disclose the fact that any verdict or decree was rendered in the cause which this court can either affirm or reverse.   If the record contains a full and complete exemplification of the case, as the clerk certifies it does, then it is still pending in the court below, for there does not appear to have been any final disposition of the cause as required by the 4250th section of the Code.

This case comes within the ruling of this court in the case of *Bean & Company vs. Hadley*, decided at the present term. Inasmuch, therefore, as the record brought here by the plaintiff in error does not affirmatively show that any verdict or decree has been rendered in the cause which this court can either affirm or reverse, it is ordered that the writ of error be dismissed.