THE WESTERN AND ATLANTIC RAILROAD COMPANY *vs.*
GREESON.

[JACKSON, Chief Justice, being disqualified, did not preside in this case.]

Where a party has to resort to a *certiorari* in order to correct the errors of an inferior judicatory, the consent of the other party before the superior court to make the correction, will not authorize the dismissal of the *certiorari* and a judgment for costs against the applicant therefor.

*Certiorari.* Verdict. Judgments. Costs. Practice in Superior Court. Before Judge UNDERWOOD. Gordon Superior Court. February Term, 1881.

Reported in the decision.

T. C. MILNER; W. D. ELLIS, for plaintiff in error.

E. J. KIKER, for defendant.

CRAWFORD, Justice.

This was a suit originating in a justice's court, brought by Greeson to recover the value of a cow killed by a train of the Western and Atlantic Railroad Company. The magistrate first tried the case, and gave a judgment against the company for $31.60. The company then appealed to a jury, and on the trial, under the proofs, the jury found a verdict for the sum of $33.00. The company then petitioned the judge of the superior court for *certiorari*, which was granted, and upon the hearing of the case, the

The Western and Atlantic Railroad Company *vs.* Greeson.

judge dismissed the *certiorari*, and allowed a judgment to be entered up for $30.00 against the company, and from this judgment a writ of error was sued out and the case brought to this court.

The errors complained of in the *certiorari* are, that the jury upon the trial in the justice's court gave a verdict for $33.00, when the highest proved value of the cow was only $30.00; and that the *preponderance* of evidence was, that there was no negligence, or want of care, on the part of the company in killing the cow.

The judge of the superior court, upon the petition and answer, after allowing the sum of $3.00 to be written off, dismissed the *certiorari*, ordered the judgment of the court below to be sustained for $30.00, and that the plaintiff in *certiorari* pay the costs.

The only question insisted upon before this court was the error of the judge, in allowing the defendant in *certiorari* to write off a part of his verdict, of which complaint was made in the *certiorari*, and then dismiss the same at plaintiff's costs.

Where a *certiorari* has to be resorted to in order to correct any error committed in an inferior judicatory, the consent before the superior court to make the correction, will not authorize the dismissal of the *certiorari* and a judgment for costs against the plaintiff.   56 *Ga.*, 546; 46 *Ib.*, 454.

Had the record shown that the plaintiff below, when the verdict of the jury was received, had proposed to write off this excess above the proof, that, in our judgment, would have authorized the ruling of the judge in the case when before him on the *certiorari*.   But when the defendant was compelled to resort to his quasi writ of error to correct the error below, he is not, under the law, liable to be taxed with the costs.

Judgment reversed.