WILLIAMS *vs.* JONES, administrator, *et al.*

1. Under a bill by an administrator against creditors of the estate to marshal assets and settle priorities, on exception to a master's report, the ruling of the court being adverse to some of the creditors, the others were necessary parties to a bill of exceptions by them; and on the failure to bring them before this court, the writ of error will be dismissed.

2. The presiding judge, with the assent of the plaintiff in error only, ought not to dispense with any part of the record, or by order require the clerk to send up to this court a transcript of only certain portions of the record below.

(*a.*) No diminution of the record was suggested, and the other grounds for a dismissal being controlling in their nature, this court will not order the record to be completed.

3. Where the record shows that the case has not finally been disposed of, but is pending in the court below on a motion for new trial, the writ of error will be dismissed.

October 10, 1882.

Practice in Supreme Court.   At September Term, 1882.

The bill of exceptions in this case recited, in brief, as follows: " The case of E. M. Jones, administrator, *vs.* Geo. T. Bartlett, the City Bank of Macon, John T. Williams, and other creditors of the estate of M. Husen, deceased," being a bill to marshal the assets of the estate, came on for trial at the May term, 1882, of Terrell superior court.   At a previous term, a master in chancery had been appointed, who had made a report, finding, among other things, that there was a debt in favor of John Williams for nine hundred and thirty-six dollars, principal. To this report Bartlett, the City Bank of Macon and Jones, administrator, had filed exceptions, both of law and fact.   Counsel for Williams demurred to the exceptions of law; the demurrer was overruled, the exceptions sustained, and the claim of Williams excluded from participation in the assets as being barred by the statute of

limitations, and discharged by the bankruptcy of Husen. During the progress of the trial, counsel for Williams proposed to take an order *nunc pro tunc*, entering a decree on the minutes as of the November term, 1871. The court refused to entertain the motion, and Williams excepted, and assigned error on both these rulings. (In regard to the order *nunc pro tunc*, the presiding judge certified that no positive ruling was made, but that counsel stated that he had a right to such an order, whereupon the judge cited him to a case indicating that such an order could not be entered so as to prejudice creditors, and nothing more was said on the subject.)

In his certificate to the bill of exceptions, the presiding judge directed the clerk of Terrell superior court "to make out a full and complete copy of the record in said case, duly certified as such, to-wit : (1.) All that part of the master's report, including the evidence, oral and written, in relation to John Williams' claim. (2.) The exceptions to the master's report filed by Geo. T. Bartlett, the City Bank of Macon and T. M. Jones, administrator, and the judgment of the court thereon,—and cause the same to be transmitted," etc. The entire record was not sent up, but only a portion of it, in accordance with this order.

In the record thus sent up appears a motion for new trial, made by John Williams, at the May term, 1882, of Terrell superior court, on which a rule *nisi* was issued, returnable to the next term of the court, with service acknowledged thereon by " C. B. Wooten, attorney Bartlett and City Bank." No order appears in the record disposing of this motion.

Service was acknowledged on the bill of exceptions by " Guerry & Parks for T. M. Jones, administrator, etc.," and by " C. B. Wooten, attorney for defendants in error."

On motion, the writ of error was dismissed on the grounds stated in the decision.

D. A. VASON, for plaintiff in error.

C. B. WOOTEN ; GUERRY & PARKS, for defendant.

JACKSON, Chief Justice.

A motion was made to dismiss this bill of exceptions on three grounds: first, because all the parties directly interested in the issue made by the bill of exceptions are not made parties thereto and served therewith ; secondly, because the judge's direction to the clerk in his certificate to the bill of exceptions is to transmit to this court, not an entire transcript of the record, but only a part thereof ; and thirdly, because a motion for new trial is still pending in the court below, and the judgment of this court on this writ of error will not dispose of the case finally, no matter on whose behalf it is rendered.

1. It seems that parties interested in this issue are not here; therefore, this ground of the motion to dismiss is good. *62 Ga.,* 135.

2. We do not think that the plaintiff in error, and the judge, without the assent of the defendant in error, ought to dispense with any part of the record, for the reason that a part of it material to the latter might be omitted. A diminution of the record sent might, perhaps, be suggested, so as to relieve the defendant in error from the dilemma. The statute requires that the judge shall order a complete copy of the record to be sent to this court; instead of doing so, he orders only a part of the record transmitted.

The objection appears to us to be substantial and fatal. Code, §4252. No diminution being suggested, and the other grounds fatal, we are not at liberty to have the record completed on our own motion.

3. It is only a judgment finally disposing of the case in the court below, which can be reviewed by this court; therefore, as the case is pending still in that court on a motion for a new trial, it cannot be heard here.

The writ of error must, therefore, be dismissed.