### DURHAM *v.* CANTRELL.

1. Though in the trial of an action brought in a justice's court upon an open account it may have appeared that the account sued on had originally been due to a partnership of which the plaintiff was a member, if the evidence as a whole reasonably warranted an inference that the account in question had, before the bringing of the suit, been assigned to the plaintiff, a verdict in his favor should not, on the general grounds that it was contrary to law and evidence, be set aside on certiorari merely because there is in the record no evidence affirmatively showing that there was in fact a written assignment of the account.

2. This court will not consider a point, argued here, to the effect that the superior court erred in taxing the costs against the plaintiff in a writ of certiorari which was in part sustained, when there is in the bill of exceptions no specific assignment of error as to this matter.

Argued October 20, — Decided November 30, 1897.

Certiorari. Before Judge Littlejohn. Stewart superior court. April term, 1897.

*J., G. Y.* and *B. F. Harrell*, for plaintiff in error.

Совв, J.    Cantrell sued Durham in a justice's court upon an open account. Judgment was rendered by the justice against the defendant, and on appeal to a jury in that court a verdict was rendered for the plaintiff. The defendant took the case to the superior court by certiorari, alleging that the verdict was contrary to law and evidence, and assigning as error alleged conduct and rulings of the justice, which the justice denied in his answer. The judge of the superior court, after hearing the case, ordered that the plaintiff write off from the judgment the value of one pair of sad-irons, and, upon this being done, that

the certiorari be dismissed at the cost of the plaintiff in certiorari. The plaintiff in certiorari excepted, assigning as error that the court overruled the certiorari and denied a new trial in the case.

1. It appeared from the evidence that the account sued on had originally been due to a partnership composed of the plaintiff and one Carter; and though it was not affirmatively proved that it had ever, by a written assignment, been transferred to Cantrell before the bringing of this suit, there was evidence reasonably warranting an inference that such was the fact. Carter was a witness for the plaintiff at the trial, and it is manifest from his testimony as a whole that he recognized and treated the account as being the exclusive property of his former partner, the present plaintiff. He does not say this in so many words, but it is impossible to read his testimony and reach any other conclusion. Again, Cantrell testified that he had repeatedly presented this account to the defendant Durham, claiming payment to himself as its owner, and that Durham had never denied its correctness, or that he was due to Cantrell the amount claimed by him thereon. Again, the record as a whole discloses with almost absolute certainty that the real contest in the magistrate's court in no way related to the question of the plaintiff's title to and right to sue on the account, but was solely as to whether Durham was liable to any one for the price of the goods therein mentioned. One item was a suit of clothes sold to his son, and the other a pair of sad-irons. His contention was that the clothes had been sold to the son without his authority, and that he therefore did not owe for them; and that he had not bought the sad-irons, and consequently should not be made to pay for them. It does not appear, either from the petition for certiorari or the answer of the justice, that any point was made in either trial in the justice's court on the right of the plaintiff to bring the suit and recover in his own name. The particular question, so far as the record shows, is raised for the first time in this court. This being so, and the only assignment of error in the petition for certiorari under which this attack upon the verdict could be considered at all being that it was "contrary to law and evidence," we do

not think the question upon which a reversal of the judgment below is asked has been fairly and distinctly made.    It has been seen that there was at least some evidence to show the plaintiff's ownership of the account and consequent right to sue on it, and it may be added that there was ample evidence to show that the defendant was liable thereon for the suit of clothes.    If, therefore, it had been desired to defeat a recovery by the plaintiff on the ground that he had not shown by proper written evidence that the title to the account was in him, this point ought really to have been made at the trial in the magistrate's court.    Had it been then made, the requisite legal proof might have been produced; and it does not seem just to raise this question for the first time against the plaintiff when it is too late for him to meet it.    But even if the making of this question could be delayed until the suing out of the certiorari, it certainly ought to be clearly stated in the petition for certiorari.    The other party ought to have notice of it, and the magistrate ought to answer with reference to it, and the superior court ought to be informed that such question is involved in the case.    As no such question was made in the present petition, and as it is not covered by the general assignment of error above mentioned, it can not be considered.    Had the question been properly raised and presented, the case would stand in a very different light.

2. The judge below was of the opinion that the evidence did not warrant a recovery for the sad-irons, but did warrant a recovery for the clothes.    Accordingly he rendered the judgment above mentioned, and, as has been seen, put the costs upon the plaintiff in certiorari.    It has been argued here that, having sustained the certiorari to the extent of compelling the defendant therein to write off a part of his recovery, the costs of the certiorari should not have been taxed against the plaintiff in certiorari.    Had the bill of exceptions assigned error on this ruling, the point would have been well taken.    *Western & Atlantic Railroad Co.* v. *Greeson*, 68 *Ga.* 180; *White* v. *Mandeville*, 72 *Ga.* 705.    But inasmuch as the bill of exceptions does not raise this question, or even refer to this action of the trial judge with reference to the costs, we can not deal with this question.        *Judgment affirmed.    All the Justices concurring.*