7972.   BELK v. CANNON.

GEORGE, J.  1.  A motion to dismiss the bill of exceptions is made upon the grounds: (1) that there is no proper pauper's affidavit attached to the exceptions; (2) that service was acknowledged by defendant in error after the filing of the bill of exceptions with the clerk of the superior court and after the certificate of the trial judge; (3) that there is no sufficient assignment of error in the bill of exceptions. The assignments of error are sufficient, the cost in this court has been paid, the service of the bill of exceptions was in time, and nothing else matters. Civil Code (1910), § 6179.  The motion must be denied.

2.  When a party applies for the writ of certiorari under section 5187 of the Civil Code of 1910, he must make affidavit not only that he is advised, but that he believes, that he has a good cause for certiorari. The provision of this code-section is that if the party is unable to give the bond and security required by section 5185, he may make and file with his petition for certiorari "an affidavit in writing that he is advised and believes that he has good cause for certioraring the proceedings to the superior court, and that owing to his poverty he is unable to pay the costs or give security as the case may be."  When this affidavit is made it shall in every respect answer instead of the certificate and bond required under section 5185. *Dorsey* v. *Black*, 55 *Ga.* 315 (1).

In the present case the affidavit does not state that the petitioner believes that he has good cause for certiorari. The judge of the superior court, therefore, erred in overruling the motion to dismiss the petition for certiorari.

*Judgment reversed. Wade, C. J., and Luke, J., concur.*

DECIDED MARCH 16, 1917.

Certiorari; from Fulton superior court—Judge Bell. September 29, 1916.

*W. H. Terrell,* for plaintiff in error. *E. C. Buchanan,* contra.