16328, 16329. MASSENGALE *et al.* v. COLONIAL HILL COMPANY; and *vice versa*.

A judgment sustaining a demurrer to a petition, which grants leave to the plaintiff to amend in a particular manner pointed out in the order, and which provides that, upon the plaintiff's refusal to amend, "when given the opportunity to do so by the court," the "suit be dismissed," is not a final judgment, and certiorari does not lie thereto.

DECIDED JANUARY 15, 1926.

Certiorari; from Fulton superior court—Judge E. D. Thomas. February 9, 1925.

Suit was brought in the municipal court of Atlanta by Colonial Hill Company against W. R. Massengale and Geo. M. Kohn upon promissory notes which contained a reference to another contract. On consideration of the defendants' demurrer to the petition the court passed the following order: "It is ordered that said demurrer be sustained with leave of court to plaintiff to amend by setting out the contract in question. And upon the plaintiff's refusal to amend by setting out the contract referred to therein when given the opportunity to do so by the court, it is ordered that said suit be dismissed and defendants have judgment in this action against the plaintiff for costs." The plaintiff sued out certiorari, and the certiorari was sustained upon the ground that the court erred in holding that the plaintiff's petition was subject to demurrer because a copy of the contract referred to in the notes was not attached thereto. The defendants excepted to this ruling, upon the ground, among others, that the petition for certiorari should have been dismissed on the ground that the judgments excepted to were not final. The plaintiff filed a cross-bill excepting to the failure to sustain the certiorari upon all the assignments of error contained in the petition for certiorari.

*E. Smythe Gambrell, Underwood, Pomeroy & Haas,* for Massengale *et al.*

*George B. Rush, Robert T. Efurd,* contra.

STEPHENS, J. (After stating the foregoing facts.) Under the ruling in *Georgia Railway & Power Co.* v. *Kelly,* 150 *Ga.* 698 (105 S. E. 300), the order of the judge of the municipal court sustaining the demurrer is not a final judgment. While the order by its terms might have operated automatically to dismiss the petition upon the plaintiff's failure to amend "when given the opportunity to do so by the court," the order is not for this reason given the character of a final judgment. Nor does the fact that the plaintiff has excepted to this order, thereby refusing to amend before the expiration of the time within which the plaintiff would be allowed to amend, operate to establish the order as a final judgment. As was said in the case cited above, "the plaintiff could not, by suing out a writ of error before the expiration of the time allowed for amendment, change the interlocutory character of the

order into a final judgment, since the character of the order was fixed as interlocutory by the court."

It not appearing that the plaintiff failed to amend the petition within the time provided in the order, and that the order operated to dismiss the petition, the order is not a final judgment. So far as this record discloses, the time within which the plaintiff may amend has not expired, and the plaintiff may still perhaps have the right to file the required amendment and prevent a dismissal of the petition on demurrer. Since a certiorari lies only to a final judgment (Civil Code (1910), § 5188), the petition for certiorari should have been dismissed. The judgment of the superior court sustaining the certiorari was therefore error. It is not necessary to consider the cross-bill of exceptions.

*Judgment reversed on the main bill of exceptions; cross-bill dismissed. Jenkins, P. J., and Bell, J., concur.*