17163.   INSURANCE COMPANY OF NORTH AMERICA
*et al. v.* FOLDS.

1. Where the trial judge, upon the hearing of a motion for new trial, passes an order providing that the "same be sustained unless the plaintiff writes off of the verdict and judgment the sum of $200.00 recovered as attorney's fees by February 25, 1926, in which event said motion for a new trial is overruled and a new trial denied," the order is conditional and does not become a final judgment until the expiration of the period within which such sum may be written off by the plaintiff, or until, in the meantime, such sum is written off; and a bill of exceptions presented by the defendant within thirty days from the time of the writing off of such sum by the plaintiff is not subject to be dismissed upon the ground that it was not presented within thirty days from the date of the original decision or judgment complained of. *Olds Motor Works v. Olds Oakland Co.*, 140 *Ga.* 400 (78 S. E. 902) ; *Clark v. Ganson*, 144 *Ga.* 544 (87 S. E. 670) ; *Ga. Ry. & Power Co. v. Kelly*, 150 *Ga.* 698 (105 S. E. 300).

2. While it has been held 'by the Supreme Court, in dealing with the identical provision of the policy now under consideration providing for an appraisement of the amount of loss sustained, that an award under such provision does not constitute a condition precedent to recovery on

the part of the insured, where the insurer takes no steps to require an appraisal and does not appoint an appraiser, but on the contrary fixes for himself and declares the only amount which will be allowed the insured as the amount of the loss sustained by him (*Atlas Assurance Co.* v. *Williams*, 158 *Ga.* 421, 123 S. E. 697), still, where, as in the instant case, an agreement for the appraisal of the loss sustained is entered into by the parties to the contract of insurance, the legal completion of the appraisal and a valid award thereunder become a condition precedent to a recovery by the insured.

3. Where a policy of insurance provides that no action thereon shall be maintainable unless commenced within twelve months next after the happening of the loss, and the parties enter into such an agreement for the appraisal of the loss, the agreement to thus adjust their differences tolls the limitation provided in the contract, and the period of limitation does not run during the pendency of the appraisement proceeding.

4. Where a suit was brought against an insurance company for loss occasioned by the destruction of an automobile, based as to the amount sued for on an alleged award made by appraisers as provided for by the terms of the policy, and it appeared from the petition that the proceeding for appraisal had been jointly entered upon by agreement of the parties, but that, owing to the illegal appointment of an umpire, the award made thereunder was invalid (*Philadelphia Underwriters* v. *Folds*, 156 *Ga.* 773, 120 S. E. 102), and a demurrer was properly sustained to the allegations of the petition claiming liability by virtue of such illegal award, in the absence of any allegation that the defendant had refused to permit the appraisement to be legally completed and a valid award made thereunder, it was error to allow the suit to be maintained as an action based on the policy, prior to and independently of a valid award. The award sued on having been adjudged by the Supreme Court to be invalid, it can not fix the amount due under the policy as a basis for an action. The proper procedure would have been to complete the pending appraisement proceeding, which had been jointly entered upon, after having obtained a properly appointed umpire, and base the amount sued for under the policy upon the award thus obtained. A suit based upon the policy itself, independently of an award fixing the amount due thereunder, which was the status in which the case was left under the ruling of the trial judge, in the absence of any allegation that the company refused to proceed further with the appraisement, could not be maintained. The court erred, after properly sustaining the demurrer to the petition, in not dismissing it.

DECIDED SEPTEMBER 17, 1926.   REHEARING DENIED SEPTEMBER 29, 1926.

Complaint on fire policy; from city court of Carrollton—Judge Hood. December 19, 1925.

*Smith, Hammond & Smith, Boykin & Boykin,* for plaintiffs in error.

*Smith & Taylor, Smith & Millican,* contra.

JENKINS, P. J.  This was a suit on a contract of insurance for the loss by fire of an automobile. The plaintiff, under the terms

46

of the contract, undertook to fix and determine the amount of the loss by an appraisement proceeding provided for by the terms of the policy. The plaintiff having selected an appraiser, and the defendant having selected an appraiser, and these appraisers being unable to agree upon an umpire, the plaintiff procured the appointment of an umpire by the judge of the superior court of Carroll county, and, after an award had been made, signed by the appraiser selected by the plaintiff and by the umpire, the defendant brought its exceptions to this court upon the ground that the umpire was illegally appointed, in that the loss occurred in the county of DeKalb and that the superior court of Carroll county, where the insured lived and where the policy was issued, was unauthorized to appointed such umpire. Upon the question being certified by this court to the Supreme Court, it was held by the Supreme Court that the appointment of the umpire was illegal and unauthorized, but it was further adjudged by that court that the illegal appointment did not constitute such a judgment as could be reviewed by bill of exceptions. In conformity with this ruling, the writ of error was dismissed by this court; after which a suit specifically based upon the award was brought in Carroll county, setting forth the history of the prior appraisement proceeding, and apparently grounded also upon a liability under the contract itself. The defendant demurred to the allegations setting forth the appraisement proceeding, upon the ground that it had been adjudicated that this proceeding was invalid. The court sustained this demurrer and struck all such allegations, except in so far as they might be relevant to show that the contractual limitation in the insurance contract providing that suit thereon must be brought within twelve months from the date of the loss had not barred the action on the policy, but refused to dismiss the petition and allowed the suit to continue as an action based on the policy, independently of any award, except in so far as the proceeding might have kept the suit from becoming barred. The defendant excepted pendente lite to this judgment refusing to dismiss the petition, and the case proceeded to trial, resulting in a verdict for the plaintiff. The defendant moved for a new trial, and, upon its motion being overruled, brought the case here for review.    *Judgment reversed. Stephens and Bell, JJ., concur.*