19074. WARM SPRINGS BANKING COMPANY *v.* RIEHLE.

DECIDED FEBRUARY 9, 1929.

*N. F. Culpepper, R. A. McGraw,* for plaintiff.

*J. R. Terrell, J. F. Hatchett,* for defendant.

BELL, J. This case was before this court upon a previous occasion, when it was held that a verdict favorable to the defendant should have been set aside and a new trial granted on the motion of the plaintiff. 36 *Ga. App.* 470 (137 S. E. 642). A second trial resulted in a verdict for the plaintiff for $3000 principal, $1200 interest, and 10 per cent. attorney's fees, less $1500 found for the defendant as "offset on note for damage." The court entered a judgment reducing the principal amount by deducting the "offset," but did not reduce the $1200 for interest nor consider the "offset," in fixing the recovery for attorney's fees. The plaintiff and the defendant were both dissatisfied and each made a motion for a new trial. The motions came on for hearing on May 12, 1928, when the court overruled the plaintiff's motion unconditionally as of that date, and passed an order on the defendant's motion, providing that if the plaintiff would write off certain amounts of excess of interest and attorney's fees, "the motion is hereby overruled," but that "in case the plaintiff does not write off said above-named amounts within thirty days from this day, then . . a new trial . . is hereby granted." Within less than thirty days, to wit, on May 31, the plaintiff tendered and the judge certified the

instant bill of exceptions, in which the plaintiff assigned error upon the refusal of its own motion for a new trial and upon the grant of the defendant's motion. The defendant has moved to dismiss the bill of exceptions upon the following grounds: (1) moot question; (2) case still pending in the court below; (3) no exception to a final judgment. To the motion to dismiss was attached a certificate by the clerk of the trial court, dated July 7, 1928, showing that the plaintiff had not at that time written off the amounts as directed in the judgment upon the defendant's motion for a new trial.

We think the motion to dismiss the bill of exceptions should be sustained upon every ground. The judgment upon the defendant's motion, under its own terms, did not become final until the expiration of 30 days, unless in the meantime the plaintiff had written off the sums as directed. It follows that a bill of exceptions complaining of such judgment, sued out on May 31, was premature, as not excepting to a final judgment.

If the plaintiff could have brought the case at all to this court under the circumstances, seemingly it could have done so only by filing exceptions pendente lite to the order refusing the plaintiff's motion, and by following such exceptions pendente lite with a main bill of exceptions assigning error on the judgment upon the defendant's motion, and presented within the statutory period after the expiration of the thirty days specified in the judgment as the time within which the plaintiff should write off such sums, the judgment upon the defendant's motion being the judgment last ripe and thus the final judgment, and the judgment upon the plaintiff's motion being but interlocutory. The case was still pending on the defendant's motion for a new trial at the time the bill of exceptions was presented and certified. *Insurance Co. of North America* v. *Folds,* 35 *Ga. App.* 720 (1) (135 S. E. 107); *Smith* v. *Bugg,* 35 *Ga. App.* 317 (133 S. E. 49); *Massengale* v. *Colonial Hill Co.,* 34 *Ga. App.* 807 (131 S. E. 299); *Farmers & Merchants Bank* v. *Cochran,* 37 *Ga. App.* 33 (138 S. E. 856); *Georgia Ry. & Power Co.* v. *Kelly,* 150 *Ga.* 698 (105 S. E. 300); *Mitchell* v. *Tomlin,* 64 *Ga.* 368 (1); *Williams* v. *Jones,* 69 *Ga.* 277 (3); *McLendon* v. *W. & A. Railroad,* 85 *Ga.* 129 (11 S. E. 580); *Kelley* v. *Moore,* 125 *Ga.* 382 (1) (51 S. E. 118).

Moreover, even assuming that the bill of exceptions may be considered as excepting to a final judgment, the questions therein presented are moot and will not be decided by this court. *Nobody* was satisfied with the judgment as originally rendered, not even the judge himself, he having set it aside on motion of one of the parties. Why should this court object? The plaintiff wanted a new trial and got it, although it was granted at the request of the other party. Under the facts as they appear in the record, it is immaterial that the grant was thus obtained indirectly.

The complaint against the judgment refusing a new trial to the plaintiff necessarily fails, for the judgment was subsequently struck down or undermined by the grant of the new trial to the defendant. The judge could not both grant and refuse a new trial in the same case. If we should examine the grounds of the plaintiff's motion and determine that error was shown, we could not reverse the judgment based thereon, because, as just stated, such judgment has already been set aside by the judge himself, by his judgment on the other motion, and by the non-action of the plaintiff on the condition of the latter judgment. If the plaintiff had complied with such condition, the result would have been that both motions were refused. Whether in that case the plaintiff could have excepted or should have been held to have acquiesced is not a question for decision under the instant record.

We can not retain the bill for the purpose of giving a direction looking toward a final disposition of the case favorable to the plaintiff, for a new trial must result and the evidence and the rulings of the court may not be the same upon another trial. We say "must result," for the plaintiff is not seeking to restore the judgment as based upon the verdict rendered, but is asking a new trial. The sole objection is, not that the new trial should not have been granted, but that it was granted upon the wrong motion. Of course, this court could not order a final judgment in favor of the plaintiff for the amount sued for. No such judgment has ever been rendered, and the judgment that was rendered has been set aside. The parties are back where they started, and this court could not give such direction as would forestall another trial and result in a full recovery for the plaintiff. Any instructions from this court to that end would be the equivalent, not of substituting one judgment for another, but of making a judgment where none exists,—

all judgments since the perfection of the pleadings having been set at naught, and the case standing for another hearing de novo.

In *Parker* v. *Dorsett,* 70 *Ga.* 727, the plaintiff sued for $500, and the jury found for the plaintiff $1 and costs. Both sides made separate motions for a new trial. That of the plaintiff was granted; that of the defendant was refused, and the defendant excepted, assigning error on both rulings. The Supreme Court held: "The case is prematurely here. Where a new trial was granted, this court will not review the decision of the court below because he did not grant it on grounds which counsel for one side deemed important." In *Central of Georgia Ry. Co.* v. *Murphey,* 113 *Ga.* 514 (3) (38 S. E. 970, 53 L. R. A. 720), was the following ruling: "Where both the parties to a case move for a new trial, the granting of either motion leaves the case pending in the lower court; and while it so remains, a judgment overruling the other motion can not be lawfully brought to the Supreme Court for review." These cases are controlling of the case before us.

*Writ of error dismissed. Jenkins, P. J., and Stephens, J, concur.*