20459. GRANITE STATE FIRE INSURANCE COMPANY *v.* CARPENTER.

JENKINS, P. J. 1. A policy of fire insurance giving the contractual right in favor of either party to an appraisement of the loss in the event of a disagreement by the parties as to the amount of the loss, and further providing that the loss shall not become payable "until sixty days after the notice, ascertainment, estimate, and satisfactory proof of the loss herein required have been received by this company, *including an award by appraisers when appraisal has been required,*" contemplates that before suit is instituted the insurance company shall have sixty days to determine whether or not it will pay the loss as claimed by the insured, and that in the event an appraisement is demanded it shall have an additional sixty days after the award made by the appraisers, in order to determine whether it will pay the award thus entered. Accordingly, a suit filed within less than sixty days after the return of the appraisers is premature, even though there may be a general stipulation in the policy requiring that suits be entered within a period of twelve months after the fire. To say that the instant suit, which was brought within less than sixty days after the award but within the twelve months contractual period of limitation, was premature is not intended to set forth a precedent that the suit would have been barred if the contractual period of limitation had expired within less than sixty days after the return of the appraisers. Nor are we called upon to determine whether this premature suit affords a basis for a renewal of the action under the provisions of the Civil Code (1910), § 4381. See, in this connection, *Lamb* v. *Howard,* 150 *Ga.* 12 (102 S. E. 436). See also *Insurance Company of North America* v. *Folds,* 35 *Ga. App.* 720 (3) (135 S. E. 107).

2. The petition failed to set forth such an unconditional refusal on the part of the insurance company to pay the loss as would amount to a waiver of the provisions of the contract dealt with above; and since the prematurity of the suit appeared from the face of the petition, the court erred in overruling the demurrer interposed on that ground.

*Judgment reversed. Stephens and Bell, JJ., concur.*

DECIDED JANUARY 19, 1931.

*W. Inman Curry, Ryals, Anderson & Anderson,* for plaintiff in error.

*W. D. Lanier, C. Vernon Elliott,* contra.