20484. SELLERS *v.* McNAIR.

732

Decided February 18, 1931.   Rehearing denied February 28, 1931.

*Ira Carlisle, Jessie M. Sellers, Smith, Hammond & Smith,* for plaintiff in error.

*S. P. Cain,* contra.

BELL, J. (After stating the foregoing facts.) We are of the opinion that the bill of exceptions is fatally defective and subject to dismissal for failure to show jurisdiction in this court. So far as appears, the judgment excepted to had not become final and absolute, but was conditional only, at the time the bill of exceptions was presented and certified. If the defendant in certiorari had not at that time written off the amount specified in the judgment, the case was still pending in the superior court and the bill of exceptions was premature. The defendant in certiorari had thirty days in which to make her election, and there is nothing to indicate that any election had been made at the time the bill of exceptions was presented and certified. The judgment complained of could not have become final as a refusal of the certiorari until the expiration of this period, unless in the meantime the defendant in certiorari accepted the terms of the judgment by writing off the amount stated therein. It follows that this court is without jurisdiction, and that the bill of exceptions must be dismissed. Civil Code (1910), § 6138; *Georgia Ry. & Power Co.* v. *Kelly,* 150 *Ga.* 698 (105 S. E. 300); *Mitchell* v. *Tomlin,* 64 *Ga.* 368; *Williams* v. *Jones,* 69 *Ga.* 277 (3); *McLendon* v. *W. & A. Railroad Co.,* 85 *Ga.* 129 (11 S. E. 580); *Kelley* v. *Moore,* 125 *Ga.* 382 (51 S. E. 118); *Insurance Co. of North America* v. *Folds,* 35 *Ga. App.* 720 (135 S. E. 107); *Smith* v. *Bugg,* 35 *Ga. App.* 317 (133 S. E. 49); *Massengale* v. *Colonial Hill Co.,* 34 *Ga. App.* 807 (131 S. E. 299); *Farmers & Merchants Bank* v. *Cochran,* 37 *Ga. App.* 33 (138 S. E. 856); *Perry* v. *Griffin,* 39 *Ga. App.* 170 (146 S. E. 567); *Warm Springs Banking Co.* v. *Riehle,* 39 *Ga. App.* 288 (146 S. E. 646); *Kumpe* v. *Hudgins,* 39 *Ga. App.* 788 (149 S. E. 56).

While the defendant in error has made no motion to dismiss the bill of exceptions, "it is not only the right but the duty of a reviewing or appellate court to raise the question of its jurisdic-

tion in all cases in which there may be any doubt as to the existence of such jurisdiction" (*Welborne* v. *State,* 114 *Ga.* 793, 796, 40 S. E. 857; *Tillman* v. *Groover,* 25 *Ga. App.* 118, 102 S. E. 879), and the question of whether there was a final judgment, or such a judgment as could be excepted to, at the time the bill of exceptions was sued out, is a jurisdictional one. *Johnson* v. *Battle,* 120 *Ga.* 649 (48 S. E. 128); *Vanzant* v. *First National Bank,* 164 *Ga.* 772 (2 a) (139 S. E. 537); *Floyd* v. *Massachusetts Mills,* 25 *Ga. App.* 519 (2) (103 S. E. 801). There is no presumption that at the time the bill of exceptions was certified, the defendant in certiorari had written off the amount specified in the judgment, and this court can not assume that such action had been taken. On the contrary, it was the burden of the plaintiff in error to show this fact, if it existed, in order to make the jurisdiction of this court appear. Every fact essential to such jurisdiction should be affirmatively shown, either in the bill of exceptions or the record. *Georgia, Florida &c. Ry. Co.* v. *Lasseter,* 122 *Ga.* 679, 683 (51 S. E. 15); *Gray Lumber Co.* v. *Gaskin,* 122 *Ga.* 342 (50 S. E. 164); *Bell* v. *Stewart,* 116 *Ga.* 714 (43 S. E. 70); *Smith* v. *Willis,* 107 *Ga.* 792 (2) (33 S. E. 667); *Smith* v. *Cook,* 56 *Ga.* 661; *Gray* v. *McNeal,* 12 *Ga.* 424 (1, 3); *Jackson* v. *State,* 31 *Ga. App.* 115 (120 S. E. 16).

In the present case all the proceedings were copied and set forth in the bill of exceptions, and no separate record was sent up. In these circumstances we do not here determine whether a bill of exceptions is the exclusive medium for disclosing jurisdiction, or whether this may be shown in the record even though it does not appear in the bill of exceptions.

If the defendant in certiorari had made no election at the time the bill of exceptions was sued out, it was conceivable at that time that the plaintiff in certiorari might still obtain a new trial in consequence of the judgment of February 15, without resorting to a writ of error to review that judgment; in which event, under the particular facts, the case would have gone back to the trial court for a de novo investigation (*Cox* v. *Snell,* 77 *Ga.* 469; *Couch* v. *White,* 18 *Ga. App.* 198 (2), 89 S. E. 183), and the plaintiff in certiorari would have had no occasion for excepting to the judgment. *Ferry* v. *Mattox,* 118 *Ga.* 146 (44 S. E. 1005); *Carr* v. *Carr,* 157 *Ga.* 208 (121 S. E. 227). It is therefore perfectly clear

that the bill of exceptions fails to show a final judgment, and for this reason it must be dismissed.

*Writ of error dismissed.* *Jenkins, P. J., and Stephens, J., concur.*

ON MOTION FOR REHEARING.

BELL, J. The motion for rehearing filed in behalf of the plaintiff in error is based upon a number of grounds, but the main contention is that a judge of the superior court has no authority or "jurisdiction" in a *certiorari* case, to render such a judgment as was entered in the case at bar, and that in holding that the bill of exceptions was subject to dismissal this court overlooked the statutes and decisions relating to such question. If we correctly understand the position taken by counsel for the plaintiff in error, there is no insistence that the opinion and judgment rendered by this court would not have been entirely proper if the conditional order had been entered upon a motion for a new trial, or upon a demurrer to a pleading, or in some case other than a certiorari proceeding. It is pointed out that under section 5201 of the Civil Code of Georgia the judge of the superior court, upon the hearing of a writ of certiorari, "may order the same to be dismissed, or return the same to the court from which it came, with instructions," but is not authorized to render a "final decision" where there is no question of law which must finally govern the case, and only issues of fact are involved. The following decisions relating to this proposition are cited in the motion for a rehearing: *Dorsey* v. *Black,* 55 *Ga.* 315 (2); *Smith* v. *Bragg,* 68 *Ga.* 650; *Boroughs* v. *White,* 69 *Ga.* 841; *Hunter* v. *Garrett,* 104 *Ga.* 647 (2) (30 S. E. 869); *Holmes* v. *Pye,* 107 *Ga.* 784 (33 S. E. 816); *Patterson* v. *Central of Georgia Ry. Co.,* 117 *Ga.* 827 (45 S. E. 250); *Wilensky* v. *Brady,* 121 *Ga.* 90 (48 S. E. 687); *Simons* v. *Burt,* 2 *Ga. App.* 472 (58 S. E. 689); *Porterfield* v. *Thompson,* 4 *Ga. App.* 524 (61 S. E. 1055).

Assuming that in the instant case the judge of the superior court wrote into his order a condition which he was not authorized to insert therein, or even one which he did not have jurisdiction to impose, we are unable to see that the presence of such an improper or void condition in the judgment would operate to change the character of the judgment as regards the question of its finality. There was still a failure to show that the certiorari had been granted or refused at the time the bill of exceptions was sued out.

But we can not agree that the judge of the superior court ex-

ceeded his jurisdiction in passing the conditional order complained of. The order did not purport to be a *final decision* in the sense of section 5201 of the Code, nor of any of the decisions cited above, but was a mere affirmance of the judgment of the trial court as to two of the notes sued on, subject to the condition that the plaintiff would abandon the cause of action as to the third note and thus extract from the trial what the judge of the superior court regarded as error, but which error, in his opinion, was confined to the issue made upon this note only.

Be it remembered that the suit was predicated upon three notes, as to which separate defenses were filed. Different issues were made and the certiorari brought up for consideration at one and the same time what virtually amounted to three trials. In such a case, it was not improper to place conditions upon the plaintiff, the defendant in certiorari, looking to an elimination of such errors as may have affected the trial of the issue as to one of the notes, where no other error was committed by the trial court. We here again speak only of the "jurisdiction" of the superior court, since in determining whether the bill of exceptions was prematurely brought, we do not reach the question of whether the judgment was merely erroneous as failing to deal correctly with alleged errors of the trial court.

In *Hirt* v. *Linton,* 59 *Ga.* 881, the following rulings were made: "Demurrer in justice's court, where the account sued on consisted of several items, though overruled by the justice as a whole, may, in the superior court, on certiorari, be sustained as to some of the items, and overruled as to others. . . Where the return to certiorari shows that the whole account was proved, the superior court, adjudicating on the certiorari, may correct the judgment below by sustaining a demurrer as to some of the items and giving final judgment for the balance, thus making use of the question of law involved in the demurrer (which was wholly overruled by the justice) to dispose finally of the case, without sending it back for a new hearing. . . In the present case, there was no error committed by the superior court against the plaintiff in certiorari. Whether the court erred in his favor by sustaining the demurrer as to a part of the account, and reducing the judgment rendered by the justice, is not in question."

In *Carnes* v. *Mattox,* 71 *Ga.* 515 (3), the Supreme Court, in

passing upon a similar question, said: "It is insisted that the judgment upon the certiorari found error in the verdict to the extent of the interest returned, and that this should have sustained the writ and sent the case back, inasmuch as it was an error of fact, and that the superior court can render a final decision only in cases where the error complained of is one of law, where there is no question of fact involved which makes another hearing necessary. [Civil Code of 1910, § 5201.] The power to find interest under the circumstances, it seems to us, presented only a question of law, and if the jury erred in this respect, the correction of this error did not hurt the defendant, and he has no right to complain of a judgment in his favor. Besides, upon the correction of this error, the plaintiff in the justice's court had authority under the law to enter judgment in the superior court against the defendant and his security, in accordance with the final decision of the latter court. [Civil Code of 1910, § 5205.]" Again, in *Seaboard Air-Line Ry*, v. *Christian*, 115 *Ga*. 742 (42 S. E. 66), it was held that "when a superior court properly overrules all the grounds of a petition for certiorari save one presenting the point that the verdict under review was contrary to law because for an amount larger than that sued for, that court may, with the assent of the plaintiff, correct the verdict and the judgment entered thereon by reducing them to the amount claimed in the action, and then allow the same to stand." See also *Western & Atlantic R. Co.* v. *Greeson*, 68 *Ga*. 180; *Durham* v. *Cantrell*, 103 *Ga*. 166 (29 S. E. 708); *Walker* v. *Hillyer*, 124 *Ga*. 857 (2) (53 S. E. 313); 11 C. J. 210, § 379. The present case is distinguished from *Brown* v. *State*, 149 *Ga*. 816 (102 S. E. 449), in which it was held that the superior court has no power, under the writ of certiorari, to *modify* a sentence passed by a city court and not imposing a punishment beyond the maximum prescribed by law. We think the above authorities will demonstrate that the judge of the superior court was acting within the jurisdictional power of his court in rendering the judgment complained of, and thus that the general rule should govern in determining the question of whether the judgment should be construed as final, or as one in virtue of which the case might still have been pending in the trial court at the time the bill of exceptions was sued out.

A further point insisted upon is that the superior court, to which

the certiorari was addressed, was not the proper court in which the plaintiff should write off the amount referred to in the judge's order, but that if the plaintiff elected to comply with this condition, the court in which to write off such amount was the trial court, the city court of Whigham. Whether or not the plaintiff in error is correct in this contention, the fact remains that the judgment was conditional, and there is nothing in this court to show that the judgment had become final at the time the bill of exceptions was certified. The judgment on the certiorari did not specify in what court the entry should be made. If in this state of the record the judgment should be construed as intending one court rather than the other, it would be necessary, of course, for the plaintiff to comply with the judgment in this respect, in order to prevent the defendant (the plaintiff in certiorari) from obtaining or being entitled to the grant of the certiorari at the expiration of the thirty day period.· In such a case, the certiorari would either be granted automatically, under the terms of the judgment, or the plaintiff in certiorari would be entitled to a further order granting the same in accordance with the language of the judgment, which, being unexcepted to by the defendant in certiorari, becomes the law of the case. It is, of course, unnecessary in the present case to determine the exact character of the judgment in this respect. See, in this connection, *Smith* v. *Bugg*, 35 *Ga. App.* 317, 321 (133 S. E. 49).

While, according to our view, the judge of the superior court was acting well within the jurisdictional bounds of his court in rendering the conditional judgment complained of, it is our further opinion that even if the condition was improper or absolutely void, this fact alone would not cause the judgment to operate as a *refusal* of the certiorari; and the defendant could not except if the only effect of the order was either to grant the certiorari or to leave the case still pending in the superior court. Civil Code (1910), § 6138; *Parker* v. *Dorsett*, 70 *Ga.* 727; *Central of Georgia Ry. Co.* v. *Murphey*, 113 *Ga.* 514 (3) (38 S. E. 970, 53 L. R. A. 720).

*Rehearing denied. Jenkins, P. J., and Stephens, J., concur.*