GARVIN *v.* RAY.

No. 9034.   JUNE 16, 1932.

*Noah J. Stone,* for plaintiff in error.   *H. L. Luttrell,* contra.

BECK, P. J.   1.   In the Civil Code, § 5185, relating to bond and security in certiorari cases, it is provided that "the party applying for the writ of certiorari, his agent or attorney, shall give bond and good security, conditioned to pay the adverse party in the case the eventual condemnation-money, together with all future costs." And in § 5187, relating to an affidavit made in lieu of bond, it is provided: "If the party applying for the writ of cer-

tiorari will make and file with his petition an affidavit, in writing, that he is advised and believes that he has good cause for certioraring the proceedings to the superior court, and that owing to his poverty he is unable to pay the costs or give security, . . such affidavit shall in every respect answer instead of the certificate and bond above mentioned, as the case may be." In this case an affidavit in lieu of bond was made. In that affidavit the applicant for the writ of certiorari deposes that "the petition for certiorari in this case is not filed for the purpose of delay only, and that the facts alleged in said petition, so far as they come within her own knowledge, are true, and so far as derived from the knowledge of others she believes them to be true, and she verily believes that she has a good cause for certiorari in said proceedings to the superior court, and that owing to her poverty she is unable to pay the costs or give security as required by law." It will be seen that this affidavit omits the clause in the statute to the effect that the applicant is "advised." The omission of the declaration in the affidavit that the applicant "is advised" renders the affidavit fatally defective, and the court did not err in sustaining the motion to dismiss based upon the defect in the affidavit. The language of the Code section quoted is plain and mandatory. "Where a party applies for the writ of certiorari under section 4053 of the Code, the statute prescribes that he shall swear that he 'verily believes' that he has good cause for certiorari, and stops there; but where he applies under section 4056, which is the case here, he is required to swear, in addition, that 'he is advised' that he has good cause. It would seem that the legislature intended that when the party could not pay the costs and give the security, as in ordinary cases, under section 4053 of the Code, he should get competent advice before delaying the other party. At all events, the statute plainly requires that he shall swear that he is so advised, and we can not alter or annul the provision." *Dorsey* v. *Black,* 55 *Ga.* 315. There are other cases stating the same rule; and the Court of Appeals has so held. See *Belk* v. *Cannon,* 19 *Ga. App.* 487 (91 S. E. 790). It follows that the court did not err in sustaining the motion to dismiss, no bond and security having been given in conformity to the statute, and the applicant having failed to make the proper affidavit in lieu of bond.

2. In view of the above ruling, it is unnecessary to pass upon

the question made by the plaintiff in certiorari as to the constitutionality of certain sections of the act of 1929 (Ga. Laws 1929, p. 368), which relates to questions of practice in the municipal court of Atlanta.

*Judgment affirmed. Russell, C. J., and Atkinson, Hill and Gilbert, JJ., concur.*