27620. WHITE *v.* LIFE INSURANCE COMPANY OF VIRGINIA.

DECIDED OCTOBER 11, 1939.

*G. Seals Aiken,* for plaintiff.
*W. Neal Baird, Neely, Marshall & Greene,* for defendant.

FELTON, J. Sallie White filed suit against the Life Insurance Company of Virginia. The defendant filed demurrers to the petition. On February 9, 1939, the court passed an order sustaining certain of the demurrers, and providing that "the plaintiff is allowed fifteen days in which to amend as herein required; in default of which the case will stand dismissed." On February 23, 1939, the bill of exceptions was presented to the judge and was certified by him on that date, the exception being to the order sustaining the demurrers to the petition. The record is silent as to whether any amendment to the petition was offered as required by the order. The defendant filed a motion to dismiss the writ of error, because the bill of exceptions shows on its face that it was prematurely brought.

We are of the opinion that the bill of exceptions is fatally defective and subject to dismissal for failure to show jurisdiction in

this court. So far as appears from the record, the judgment excepted to had not become final and absolute, but was conditional only, at the time the bill of exceptions was presented and certified. The plaintiff had fifteen days in which to make her election, and there is nothing to indicate that any election had been made at the time the bill of exceptions was presented and certified. The judgment complained of could not have become final until the expiration of the time allowed for amendment, unless in the meantime the plaintiff accepted the terms of the judgment and amended her petition. The judgment complained of shows on its face that it was not intended to be final; and since the record shows that the bill of exceptions was presented and certified before the expiration of the time allowed in the order for amendments to the petition to be filed, and the record being silent as to whether or not amendments were filed, the writ of error must be dismissed for want of jurisdiction in this court to entertain the bill of exceptions. *Sellers* v. *McNair*, 42 *Ga. App.* 733 (157 S. E. 373) ; *Georgia Power Co.* v. *Richards*, 42 *Ga. App.* 742 (157 S. E. 241), and cit.; *Massengale* v. *Colonial Hill Co.*, 34 *Ga. App.* 807 (131 S. E. 299).

*Writ of error dismissed. Stephens, P. J., and Sutton, J., concur.*